# URI S. PROUT *et al.*

## *v.*

# ELMER GROUT *et al.*

1. ATTACHMENT—*promissory note, in what manner to be reached.* A promissory note belonging to a defendant in an attachment suit is not liable to levy and sale under a writ of attachment. The proper way to reach promissory notes in attachment proceedings is by garnishee process.

2. BILL OF EXCEPTIONS— *evidence not preserved*—*judgment presumed to be right.* Where the evidence is not preserved in the record by a bill of exceptions, the presumption is, that it was sufficient to justify the judgment.

3. GARNISHEE—*when judgment for costs may be rendered against.* Garnishees can only be held liable for costs where they fail to disclose the true amount of indebtedness by their answer, and an issue formed and a trial had, and the issue is found against the garnishees. Where judgment is taken for the amount of indebtedness as disclosed by the answer, it is error to render judgment against the garnishee for costs.

WRIT OF ERROR to the Circuit Court of Lawrence county; the Hon. RICHARD S. CANBY, Judge, presiding.

Messrs. BELL & GREEN, and Mr. JEHU FIELDS, for the plaintiffs in error.

Mr. T. P. LOWRY, for the defendants in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action, brought by Nathan R. Grout, against Elmer Grout, in the circuit court of Lawrence county.

A writ of attachment was issued, and served on Uri S. Prout and George W. Prout, plaintiffs in error, as garnishees.

At the October term, 1870, of the court, the plaintiffs in error answered interrogatories which had been filed by Nathan R. Grout, the plaintiff. The answer to the second and third interrogatories was as follows:

"To second and third interrogatories: We jointly and severally had given our promissory note, for value received, to one Charles Lamott, for the sum of $700, dated August 30, 1867, payable three years after date, with 8 per cent interest, and said note was assigned, at our knowledge, to Elmer Grout, the defendant, some time previous to the serving of said summons, and that we paid to said Charles Lamott, on said note, previous to the assignment to said Elmer Grout, a sufficient amount to reduce said note to $550, and we paid, after said assignment, on said note, to J. N. French, the custodian of said note, a sufficient amount to reduce said note to the amount of $240, previous to the time of the service of said summons, and said

note became due on the 30th day of August, 1870, and at that time there was due on said note to said Elmer Grout, the defendant, the sum of $247.20."

At the April term, 1871, Uri S. Prout, by leave of the court, filed an amended answer, in which he alleged, before the garnishee process was served on him, and before the note became due, it was levied upon as the property of Elmer Grout, by James Bryan, a constable, by virtue of an attachment issued by a justice of the peace against the goods and chattels of said Grout, and that afterwards, and before the note became due, it was sold by the constable, at public sale, to one Wilkinson, who acquired possession under the sale, and has held it ever since, claiming title thereto.

The plaintiff in the attachment filed exceptions to the amended answer, which were sustained by the court, and this decision is assigned as error.

The 1st section of the Attachment Act provides, the writ may issue against the personal estate, goods, chattels, rights, moneys and effects of the debtor. See Gross, page 28. Section 5 of the same act declares that the constable shall execute the writ by levying on the personal property of the defendant of value sufficient to satisfy the debt claimed to be due. Section 9 of the same act declares, when the constable shall be unable to find personal property of the defendant sufficient to satisfy the attachment, he is required to notify all persons in his county, whom the creditor shall designate, that may have any property, effects or choses in action in their possession or power, belonging to the defendant, or who may be indebted to the defendant, to appear and answer, etc.

While the 1st section, standing alone, might be regarded as sufficiently comprehensive to authorize a constable to levy upon and sell a promissory note under a writ of attachment, yet, when this section is considered in connection with sections 5 and 9 of the same act, we are of opinion it was the intention of the legislature to confine the levy of the writ to personal property.

Section 5 expressly says the writ shall be levied on personal property, and this is followed by section 9, which provides a mode for reaching promissory notes, not by levy and sale, but by the garnishee process.

From these views, it follows that the promissory note named in the answer of the garnishee was not liable to levy and sale by the writ of attachment, and the court did not err in sustaining exceptions to the answer. *Ingals* v. *Lord*, 1 Cowen, 240; *Handy* v. *Dobins*, 12 Johns. 220.

It is, however, urged by the plaintiffs in error that the court erred in rendering judgment against them as garnishees.

Upon what evidence the court based its judgment, we have no means of knowing, as the evidence has not been preserved in the record by bill of exceptions. Where the evidence has not been preserved, we will presume it was sufficient to justify the judgment. *McPherson* v. *Nelson*, 44 Ill. 126.

This brings us to the last point relied upon by plaintiffs in error, that the court erred in rendering judgment against them for costs. This position is well taken. The court not only rendered judgment against plaintiffs in error for the full amount due on the promissory note which the defendant in the attachment held against them, but also all costs. This was erroneous. The garnishee can not be held liable for costs, except as provided by section 21, Gross, page 35. Where they fail, by the answer, to disclose the true amount of indebtedness, and an issue is formed and trial had, and found against the garnishee, in such case costs would properly follow the verdict; but where judgment is taken for the amount disclosed by the answer to be due the defendant in the attachment, then the garnishee should not be required to pay costs.

For this error the judgment will be reversed, and the cause remanded with directions to the circuit court to render judgment against plaintiffs in error for amount due on the promissory note as disclosed by the answer, and against plaintiffs in attachment for costs.

*Judgment reversed.*