## GEORGE GEBBIE

*v.*

## PETER L. MOONEY.

*Filed at Ottawa June 17, 1887.*

1. PLEADING—*one good count in support of a general verdict.* A judgment will not be arrested for defects in the declaration, if any one of the counts shows a good cause of action, and the verdict is upon the whole declaration.

2. SAME—*plea not answering all it professes to answer.* A plea which professes to answer the whole cause of action or the whole declaration, but which, in fact, answers only the special count, leaving the common counts unanswered, is bad on demurrer.

3. AMENDMENT OF RECORD—*at a subsequent term—presumption in support of the action of the court.* The circuit court can not make an original order in a case at a term subsequent to that at which final judgment is rendered, but it may, at any subsequent term, cause the clerk to enter upon the records of the court an order made at a previous term, provided, only, there shall be some minute or memorial paper from which it can be determined what such order was.

4. Where the record in a cause is amended, by order of the court, at a term subsequent to that at which final judgment was rendered, in the absence of a bill of exceptions showing to the contrary, it will be presumed in favor of the judgment of the circuit court, that there was evidence before it by which to make such amendment.

5. SAME—*bill of exceptions to show ground of objection.* A party wishing to assign for error the order of the circuit court amending its record of a cause at a subsequent term, by the entry of orders *nunc pro tunc*, claimed to have been made at a former term, on the ground there was nothing by which to amend, should tender a bill of exceptions reciting all the evidence on the question before the court.

6. NOTICE—*as shown by the record.* Where the record of a circuit court allowing a motion to amend the record of a previous term in a cause, shows that the parties had notice of the motion, such notice can not be denied.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. LORIN C. COLLINS, Judge, presiding.

Mr. LEWIS UMLAUF, for the appellant:

An amendment of a bill of exceptions, or of a record, at a term subsequent to the trial term, when there is nothing in the record to amend by, is error. *Dougherty* v. *People,* 118 Ill. 160; *Blake* v. *Miller,* id. 500.

Mr. JOSEPH WRIGHT, for the appellee:

The question of the sufficiency of the declaration is not presented. There was no demurrer to the declaration, and no exception was taken to the overruling of the motion in arrest of judgment. *Martin* v. *Foulke,* 114 Ill. 206; *McClurkin* v. *Ewing,* 42 id. 283; *Brooks* v. *People,* 11 Bradw. 422; *Railroad Co.* v. *Dorsey,* 68 Ill. 326; *Reichwald* v. *Gaylord,* 73 id. 503; *Deitrich* v. *Waldron,* 90 id. 115; *Stern* v. *People,* 96 id. 475.

One good count will sustain a general verdict and judgment. Rev. Stat. chap. 110, sec. 58; *Bradshaw* v. *Hubbard,* 1 Gilm. 390; *Snyder* v. *Gaither,* 3 Scam. 91; *Payne* v. *Donegan,* 9 Bradw. 566; *Waugh* v. *Suter,* 3 id. 271.

A general demurrer to a declaration will be overruled if any one count is good. *Reece* v. *Smith,* 94 Ill. 362; *Telegraph Co.* v. *Bank,* 74 id. 217; *Bills* v. *Stanton,* 69 id. 51; *Barry* v. *Mackey,* 66 id. 164; *Rowell* v. *Chandler,* 83 id. 288.

As to the right to amend the record at a subsequent term, see *Howell* v. *Morlan,* 78 Ill. 162; *Church* v. *English,* 81 id. 442; *Dunham* v. *South Park Commissioners,* 87 id. 185; *Ives* v. *Hulse,* 17 Bradw. 30.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was assumpsit, by appellee, against appellant. The declaration contains a special count upon an agreement in writing, and the common counts.

*First*—Appellant contends that the judgment below is erroneous, because the special count does not disclose a cause of action; but there are no objections to the common counts, and the verdict is an entire one, not limited to the special

count. It is provided by section 58 of chapter 110, of the Revised Statutes of 1874: "Whenever an entire verdict shall be given on several counts, the same shall not be set aside or reversed on the ground of any defective count, if one or more of the counts in the declaration be sufficient to sustain the verdict." And to this effect is also the ruling in *Bradshaw* v. *Hubbard*, 1 Gilm. 390; *Reece* v. *Smith*, 94 Ill. 362; *Snyder* v. *Gaither*, 3 Scam. 91; *Missouri River Telegraph Co.* v. *First National Bank of Sioux City*, 74 Ill. 217; *Davis* v. *Taylor*, 41 id. 405; *James* v. *Dexter*, 113 id. 654.

There is no bill of exceptions here, and consequently the question is only one of pleading,—is either count of the declaration, tested by itself, good and sufficient to sustain the judgment? And there being no objection to the common counts, on the authority of the cases referred to, *supra*, there was no error in overruling the motion to arrest the judgment.

*Second*—It is contended by appellant's counsel, that the trial court erred in sustaining a demurrer to the first special plea of the appellant. There are several grounds alleged by counsel for appellee, justifying that ruling, but we think it sufficient to observe that the plea professes to answer the whole cause of action, but is, in fact, only an answer to the special count. Chitty says: "If a plea profess, in its commencement, to answer the whole cause of action, and afterwards answers only a part, the whole plea is bad," and he says the proper course is to demur. 1 Pleadings, (7th Am. ed.) 554, *555. And so we have held, where a declaration in assumpsit contained the common counts, and also a special count, upon a promissory note, a plea which purported to answer the whole declaration, but only answered the special count, was bad on demurrer. *Goodrich* v. *Reynolds et al.* 31 Ill. 490; *American Ins. Co.* v. *Holly*, 81 id. 353; *People* v. *McCormack*, 68 id. 226; *People* v. *Weber*, 92 id. 288.

*Third*—Two other objections are urged, which, in the view we take of the case, may be considered together. They are,

17—121 ILL.

first, that the court erred in going to trial without having disposed of the demurrer to the defendant's pleas of fraud to the original declaration; second, the court erred in proceeding to trial on the amended declaration, without first ruling the defendant to plead, etc.

An amended record was filed, by leave, in the Appellate Court, while the cause was pending there, which shows that the demurrer to the defendant's pleas of fraud to the original declaration was sustained, and that, on appellant's own motion, his pleas filed to the original declaration were ordered to stand as pleas to the amended declaration. Counsel for appellant, however, contend that the amended record ought not to have been filed, because the amendment of the record was made at a term subsequent to that at which the cause was tried, and there was nothing to amend by. The court can not make an original order in a case at a term subsequent to that at which final judgment is rendered, but it may, at a subsequent term, cause the clerk to enter upon the records of the court an order made at a previous term, at which judgment was rendered, provided, only, there shall be some minute or memorial paper from which it can be determined what such order, made at the previous term, was. (*Church* v. *English,* 81 Ill. 442; *Dunham* v. *South Park Commissioners,* 87 id. 185; *Howell* v. *Morlan,* 78 id. 162.) The amended record here recites that "the court, upon the inspection of the records of this court in this cause,   *   *   *   finds that two certain orders made by the court herein, have not been entered upon the records of this court, through an omission of the clerk to do so," and it then proceeds to order that they be entered *nunc pro tunc.* The presumption here, as in respect of all judgments, decrees and orders of the circuit court, is, that the ruling is right until it is affirmatively made to appear that it is wrong. And it was incumbent on appellant, if, in fact, there was nothing here to amend by, to have tendered a bill of exceptions, reciting all the evidence in this respect then

before the court, and not having done so, the order can not be reversed or disregarded. *Prout* v. *Grout*, 72 Ill. 456; *Indianapolis and St. Louis Railroad Co.* v. *Miller*, 62 id. 468; *Krebaum* v. *Cordell*, 63 id. 23; *Bowman* v. *Bowman*, 64 id. 75; *Cunningham* v. *Craig*, 53 id. 252; *Wallahan* v. *People*, 40 id. 104. This last case is, in the respect under consideration, precisely analogous to the present. We can not listen to assertions of counsel that there was no notice, the record showing the contrary.

The pleas of fraud, like the other special plea before noticed, professed to answer the whole cause of action, but, in fact, only answered the special count, and the demurrer to them was, for that reason, if for no other, properly sustained.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*