ROBERT CRAWFORD

*v.*

MATHIAS SCHMITZ, Conservator.

*Filed at Ottawa November 24, 1891.*

1. EXECUTION—*choses in action not subject to levy and sale.* Bonds, promissory notes and interest coupons, being mere choses in action, are not subject to levy and sale under execution against their owner, and hence a levy and sale of them will pass no title.

2. SAME—*currency and shares of stock subject to levy.* By statute, current gold or silver coin or other legal tender, and bank bills and other bills, as evidences of debt issued by a moneyed corporation and circulated as money, and shares of stock in a corporation, are made subject to levy under execution.

3. SAME—*lien on personal property.* Section 87 of the Justice of the Peace act, which provides "that the personal property of every defendant in a judgment before a justice of the peace, not exempt from execution, shall be bound for the payment of such judgment from the delivery of the execution issued thereon to the constable," is limited by section 85 of the same act to such personal property of the defendant as is known as "goods and chattels."

4. CHANCERY JURISDICTION—*remedy at law—failure of defendant to raise objection.* Where the defendant answers a bill and submits to the jurisdiction of the court of equity, it will be too late for him to object that the plaintiff has an adequate remedy at law. The objection must be taken at the earliest opportunity, and is too late when taken for the first time on exception to the master's report. This rule is to be taken with the qualification that it is competent for the court to grant the relief sought, and that it has jurisdiction of the subject matter.

5. Where a defendant voluntarily submits himself to the jurisdiction of a court of chancery, that court may, if it sees fit, proceed to grant relief, notwithstanding there may be a complete remedy at law, if the relief sought is not of such a character as to be wholly foreign to chancery jurisdiction.

6. A bill in chancery seeking a decree for money which has been received by the defendant for the use of the complainant, and which may be recoverable in an action of assumpsit, does not present a case so foreign to chancery jurisdiction as to make it the duty of the court, for its own protection, to refuse relief, and dismiss the bill of its own motion.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

Mr. SYLVESTER C. ABBOTT, for the appellant:

There was an adequate and complete remedy at law, and the court should have dismissed the bill when the discovery failed. *Martin* v. *Dryden,* 1 Gilm. 210; *Dodge* v. *Wright,* 48 Ill. 383; *Stout* v. *Cook,* 41 id. 448.

There was no trust. 2 Pomeroy's Eq. Jur. sec. 1031; Story's Eq. Jur. secs. 1195, 187.

The statute authorizes the sale of choses in action. Rev. Stat. chap. 79, sec. 87.

Mr. LOUIS WEBER, for the appellee:

The practice is well settled, that after a defendant in chancery answers, and submits to the jurisdiction of the court, it is too late for him to object that the plaintiff has an adequate remedy at law. Daniell's Ch. Pr. 551-555; *Stout* v. *Cook,* 41 Ill. 447; *Magee* v. *Magee,* 51 id. 503; *Hickey* v. *Forristal,* 49 id. 256; *Comstock* v. *Henneberry,* 66 id. 212.

At common law, money, judgments, notes, accounts, and choses in action generally, could not be taken on execution. A mere chose in action can not be taken in execution. Freeman on Executions, sec. 112; *Ingalls* v. *Lord,* 1 Cow. 240; *Ransom* v. *Minor,* 3 Sandf. 682; *Watkins* v. *Dorsett,* 1 Bland's Ch. 530; *Harding* v. *Stevenson,* 6 H. & J. 267; *Denton* v. *Livingston,* 9 Johns. 96; *Grogan* v. *Cook,* 2 Ball & B. 233; *Humble* v. *Mitchell,* 11 A. & E. 205.

Our statute has modified the common law only as to money, bank bills and evidences of debt issued by a moneyed corporation. Hurd's Stat. secs. 41, 42, chap. 77.

Appellant insists that because section 87 of chapter 79 reads, "the personal property of every defendant, etc., shall be bound for the payment of such judgment," etc., while section

40 of chapter 77 reads, "all goods and chattels may be taken and sold," etc., the term "personal property" is much broader than the term "goods and chattels," and therefore it requires constables with an execution to get choses in action or any other portables he can find, while a sheriff with an execution from a court of record has not that authority. This was manifestly not the intention of the legislature, as will be seen by referring to section 85 of chapter 79, which provides that executions shall be levied on personal property, etc., and following it in the same section gives the form of the execution to be issued, which reads : "We command of you that of the goods and chattels of, etc., you make the sum," etc. The terms "personal property" and "goods and chattels," it will therefore be seen are here used interchangeably.

Mr. JUSTICE BAILEY delivered the opinion of the Court :

This was a bill in chancery, brought by Mathias Schmitz, conservator of Nicholas Gehrig, an insane person, against Robert Crawford, Rudolph Stenzel and Sylvester G. Abbott, for a discovery by the defendants of certain bonds, notes and choses in action of the said Gehrig, alleged to be in their possession, and for an accounting in relation thereto, and for a decree requiring them to surrender and deliver the same to the complainant, and to pay over to him the proceeds, gains and profits thereof. The defendants appeared and answered, and the cause being heard on the pleadings and master's report, a decree was entered dismissing the bill as to defendants Stenzel and Abbott for want of equity, and ordering defendant Crawford, within five days, to pay over to the complainant the sum of $1056.67, with interest from the date of the decree, together with costs of suit, and awarding execution therefor. The present appeal is from a judgment of the Appellate Court affirming said decree of the Circuit Court.

The facts appearing by the record are as follows : On May 7, 1889, a judgment in an action for forcible detainer was

rendered by a justice of the peace against one Richard Martin, for the possession of certain premises and for $3.95 costs. On May 14, 1889, a writ of restitution was issued on said judgment with an execution for said costs, and said writ was executed by defendant Stenzel, a constable, who, to make said costs, levied upon one trunk and contents and one box and contents, which he sold, May 26, 1889, to the highest bidder for $8. Said property was bid off by a by-stander who, not having money to pay his bid, turned the bid over to defendant Crawford, receiving from him the sum of twenty-five cents for his bargain, and Crawford thereupon paid the constable the amount of said bid and took the property. Apart from the securities hereinafter mentioned, said property was estimated by said Crawford to be worth about $12.

About a week after the sale Crawford found in the bottom of the trunk under a newspaper a promissory note for $2000, with two interest coupons for $65 each, secured by deed of trust; also eight city of Chicago water bonds for $50 each, three Cook county bonds for $100 each and one government bond for $200. Crawford afterward sold all of said bonds and one of the interest coupons for $965.

It appears from the evidence and does not seem to be disputed that Richard Martin and Nicholas Gehrig are one and the same person, and that Gehrig, at the time of said levy and sale, was the owner of all of said securities. On the 12th day of October, 1889, Gehrig was, by the County Court of Cook county, adjudged insane, and the evidence tends to show that he had then been insane for two or three years. On November 22, 1889, the complainant was appointed conservator of his estate. Upon receiving said appointment, the complainant demanded of Crawford said bonds, note, coupons and trust deed, and in proceedings subsequently had in the Probate Court, Crawford, in obedience to an order of that court, delivered to the complainant the note, trust deed and

the remaining interest coupon, but refused to surrender the proceeds of the securities sold.

The present bill was thereupon filed, alleging, among other things, that Crawford and the constable conspired together to cheat and defraud Gehrig out of his said securities; that the sale of said securities was wholly without authority, and for a grossly inadequate price, and that said securities were obtained by Crawford by fraud and by means of said conspiracy. Crawford, by his answer, denied the various allegations of the bill, including those charging fraud and conspiracy, but his answer contained no allegation that the complainant has an adequate remedy at law, and in no way attempted to challenge the jurisdiction of the court on that ground.

The first question presented by the record is, whether, by the constable's sale, Crawford acquired any title whatever to said securities. The evidence does not seem to sustain the allegations of a fraudulent conspiracy between Crawford and the constable to deprive Gehrig of said property, as it does not appear that, up to the time of the sale, either of them had any knowledge of the existence of said securities, or that said securities formed a part of the contents of the trunk, they having been first discovered in the trunk by Crawford several days after the trunk had been delivered to him by the constable. It may be that the constable was negligent in failing to open the trunk for the purpose of properly scheduling its contents before subjecting them to sale, but the evidence furnishes no ground for setting the sale aside on account of any fraudulent conspiracy between him and Crawford entered into at or before the sale.

The Appellate Court sustained the decree, so far as the question of Crawford's title is concerned, upon the principle that said bonds, note and interest coupons, being mere choses in action, were not subject to seizure and sale on execution, and therefore, that no title thereto passed to the purchaser at said sale. In this we think said court decided correctly. At

common law, notes, accounts and choses in action generally, could not be taken on execution. 7 Am. and Eng. Encyc. of Law, 129; 1 Freeman on Executions, sec. 112; Herman on Executions, sec. 122, and cases cited in notes. This common law rule still prevails except where it has been changed by statute, and we are aware of no statute changing the rule in this State, so far as it applies to choses in action of the character of those in question in this suit.

By our statutes, executions, whether issued from a court of record or by a justice of the peace, run against the goods and chattels of the judgment debtor, and these words are held to include only tangible property which may be seized and which may be present at the sale. A chose in action, on the other hand, is a personal right or thing not reduced to possession, but recoverable in an action, and which can not be enforced against a reluctant party without suit.

Section 4, chapter 77, of the Revised Statutes, which applies to executions upon judgments of courts of record, provides, that the person in whose favor any such judgment may be obtained, may have execution thereon against the lands and tenements, *goods and chattels* of the person against whom the same is obtained. Section 9, of said chapter, gives the plaintiff a lien on the *goods and chattels* of the judgment debtor from the time the execution is delivered to the sheriff. Section 10 provides that all and singular the lands and tenements, real estate, *goods and chattels*, except such as are declared by law to be exempt, of the judgment debtor, shall be liable to be sold on execution. Sections 41 and 42 authorize the levy of executions upon current gold or silver coin or other legal tender, and upon bank bills and other bills or evidence of debt issued by a moneyed corporation and circulated as money. Section 52 and subsequent sections provide for the seizure and sale on execution of the share or interest in corporations of a stockholder. These seem to be the only respects in which the common law rule has been changed by statute.

But it is urged that a broader rule obtains in relation to seizures and sales of property under executions issued by justices of the peace. This contention is based upon the phraseology of section 87, chapter 79, of the Revised Statutes, which provides that "the *personal property* of every defendant in a judgment before a justice of the peace, not exempt from execution, shall be bound for the payment of such judgment, from the delivery of the execution issued thereon to the constable." It is claimed that the words, "personal property," are broader in their signification than the words, "goods and chattels," and that said words also include choses in action, and therefore that species of property also is brought within the reach of executions issued by justices of the peace.

There might perhaps be some force in this contention if the language of the statute last quoted stood alone. But it must be construed in connection with the provisions of section 85 of the same statute, and we there find the precise form in which executions against the property of judgment debtors must be issued by justices of the peace, and it appears that the mandate of all such executions must be, "that of the *goods and chattels*" of the defendant the constable make the amount of the judgment and costs. The power of the constable is thus limited to the seizure and sale of goods and chattels, and it is manifest therefore that the words "personal property" as used in section 87 must be construed as applying only to such personal property as is liable to execution, viz, goods and chattels.

Assuming then that the bonds, note and interest coupons in controversy in this suit were not subject to execution, and therefore that no title thereto passed to Crawford by virtue of the constable's sale, the question remains whether the court of chancery erred in entertaining jurisdiction to decree the repayment by Crawford to Gehrig, or to his conservator, of the money received by Crawford from the sale of the bonds and one of the interest coupons. The contention is, that the complainant had a complete and adequate remedy at law, either

by action of trover for the conversion of said securities, or by action of assumpsit for money had and received.

It may be that if the defendant had challenged the jurisdiction of the court at the proper time and in the proper manner, it would have been the duty of the court to dismiss the bill and remit the complainant to a court of law for his remedy. This, however, he did not do. Having answered without challenging the jurisdiction of equity by alleging that the complainant had an adequate remedy at law, he submitted himself to such jurisdiction, and so far as he could do so by his own consent, he conferred upon the court jurisdiction to proceed, if it saw fit, to decree the complainant a species of relief which might have been made the subject matter of a suit at law.

The rule is, that where a defendant thus appears and voluntarily submits himself to the jurisdiction of a court of chancery, the court may, if it sees proper, proceed to grant relief, notwithstanding there may be an adequate and complete remedy at law, if the relief sought is not of such character as to be wholly foreign to chancery jurisdiction. In *Dodge* v. *Wright,* 48 Ill. 382, this court said: "We have several times held that, except where the subject matter is wholly foreign to the jurisdiction of a court of chancery, and incapable of being brought before it even by consent, the objection that there is an adequate remedy at law must be insisted upon in the Circuit Court, and if not it will be considered as waived when the record is brought here." *Kimball* v. *Walker,* 30 Ill. 482; *Ohling* v. *Luitjens,* 32 id. 23; *Stout* v. *Cook,* 41 id. 447; *Hickey* v. *Forristal,* 49 id. 255.

Not only must the objection be made in the Circuit Court, but the rule seems to be well settled that it must be made there by pleading, and consequently, after answer filed, the defendant must be deemed to have submitted himself to the jurisdiction of the court. *Magee* v. *Magee,* 51 Ill. 500. As said in a note to Daniell's Chancery Practice, cited and virtually adopted in *Stout* v. *Cook, supra,* "If a defendant in a suit in

equity answers and submits to the jurisdiction of the court, it is too late for him to object that the plaintiff has an adequate remedy at law. This objection should be taken at the earliest opportunity. The above rule should be taken with the qualification, that it is competent for the court to grant the relief sought, and that it has jurisdiction of the subject matter." It follows that the objection to the jurisdiction of the court made by the defendant by way of exception to the master's report was too late, as by answering, he had already submitted to said jurisdiction.

We are of the opinion that the relief sought in this case was not so foreign to chancery jurisdiction as to make it the duty of the court, for its own protection, to refuse relief and dismiss the bill of its own motion. The money sought to be recovered was money had and received for the use of the complainant. It was money which the defendant, *ex equo et bono,* ought not to retain. The action of assumpsit for money had and received is essentially an equitable action, and is brought for the enforcement of what, in certain aspects at least, may be regarded as a trust. But even if this were not so, it can not be held that, where no objection to the jurisdiction is interposed, the court can properly grant relief only in cases which are strictly equitable in their character. Thus, in *Ohling* v. *Luitjens, supra,* a money decree was awarded the complainant for the amount of the purchase money paid for a tract of land which had been conveyed to him with covenants of warranty, the title having failed by reason of former incumbrances, and it was held that although all the questions presented were purely matters of legal cognizance, still, as the jurisdiction of chancery had not been challenged by answer, it could not be questioned on appeal.

In *Stout* v. *Cook, supra,* the bill was filed by the complainant to quiet title to land, and it appearing that, at the commencement of his suit, he was out of possession, it was insisted on appeal that his proper remedy was by an action of ejectment,

and that the case being one of legal cognizance, the bill should have been dismissed. The court however held that the objection could not be taken for the first time on appeal, and that a decree in favor of the complainant should be affirmed, saying: "If the subject matter belongs to that class over which a court of equity will always take jurisdiction when the relation of the parties to each other renders the exercise of such jurisdiction necessary, the objection that, in the case before the court, there was a complete remedy at law, comes too late, after having filed an answer without taking the exception."

We are of the opinion that, upon the pleadings and proofs, the decree was proper, and the judgment of the Appellate Court affirming said decree will be affirmed.

*Judgment affirmed.*