# Peter A. Brady
## v.
## Pullman Palace Car Company.

*Practice—Amendment of Record—Power of Circuit Court.*

1. Where a bill of exceptions has been stricken from the records of a given case for the reason that it was not presented within the time allowed by order of court, and the record is subsequently so amended as to allow further time for filing such bill, even if it was filed within such time, it can not be considered as a part of the record in the absence of a motion to restore the same to the record, or to rescind the order striking it therefrom.

2. The Circuit Court has large power in respect to amending its own record, and will exercise that power with cautious freedom whenever the proper occasion occurs, but it can not make such amendments as a matter of grace or favor.

3. A record wherein a party is given a certain time in which to file a bill of exceptions, should not be so amended as to give a further time in which to file, unless there is something to amend by, nor unless it is apparent that a clerical mistake has caused the judgment of the court, as entered, to be different from that intended by the court.

4. Such amendment should not stand, where it is apparent from the record that the court proceeded without evidence or inspection of the minutes, or the production of any foundation whatever, to materially change an order entered some years before.

5. Where, in such case, it appears that the court heard evidence, or inspected the minutes of the judge, or that it entered upon an investigation of any sort, the presumption will be indulged that there was enough before the court to warrant what was thereupon judicially done.

6. A motion that such an amendment be made, should not be granted, for the reason merely that an objection was not interposed by the opposite party, who was not present, though notified to appear, the notice not containing any intimation as to the ground upon which the motion would be made.

[Opinion filed December 3, 1891.]

IN ERROR to the Circuit Court of Cumberland County; the Hon. W. C. JONES, Judge, presiding.

Messrs. HORACE S. CLARK and LEVI N. BREWER, for plaintiff in error.

Messrs. J. S. RUNNELLS and WILLIAM BURRY, for defendant in error.

WALL, P. J. At the November term, 1890, of this court, a motion was interposed by the defendant in error to strike out the bill of exceptions, because it was not presented within the time allowed by the order of the court. That motion was sustained and the bill stricken from the records. Thereupon the cause was continued.

At the present (May) term, the plaintiff in error obtained leave to file an additional record, from which it appears that at the February term, 1891, of the Cumberland Circuit Court, on motion of the plaintiff in error, the record of the Circuit Court was amended so as to read, " sixty days is granted plaintiff for filing bill of exceptions from the last day of this August term, 1888."

The bill was actually presented within the period thus designated. No motion has been made to restore the bill of exceptions to the record, or to rescind the order striking the same from the record. Therefore, as the case now stands, we can not consider the bill of exceptions as a part of the record. If such motion had been made, the question would then be presented, what effect is to be given to the order entered in the Circuit Court, of the February term, 1891? That order was simply to extend the time for filing the bill of exceptions by making a new order, or by changing the original order so as to read, sixty days from the last day of the term, instead of from the date of the entry. It is quite apparent that this amended order was made without proof of any sort. Perhaps data were in existence, such as the judge's minutes, or the like,

sufficient to justify the change, but nothing of the sort was presented, nor does it appear that there was any effort to justify the action of the court. Merely because there was " no objection to said motion," it was entertained and allowed, the defendant in error not being present. The effect and substance of this is, that though notified that such motion would be made, the defendant in error did not appear, and because of such default in not appearing, the motion, being pressed, was allowed without allegation or proof of any fact necessary to justify such action. The notice contained no intimation as to the ground upon which the motion would be made. The Circuit Court has large power in respect to amending its own records, and will exercise that power with cautious freedom whenever the proper occasion occurs, but it can not make such amendments as a matter of grace or favor. No such amendment, as in this case, can be allowed, unless there is something to amend by, nor unless it is apparent that a clerical mistake has caused the judgment of the court, as entered, to be different from that intended by the court.

Perhaps it may be said that when the court acts, it will be presumed, in the absence of something to show otherwise, that it had evidence of the proper sort before it upon which to make the correction.

Conceding such to be the settled rule, it is not important here, for, as already stated, it is apparent from the record that the court proceeded without evidence or inspection of the minutes, or the production of any foundation whatever, to materially change an order entered nearly three years before. We can not sanction so loose a practice. If such a precedent shall prevail, there could be no faith in the stability of judicial records.

Had it appeared that the court heard evidence or inspected the minutes of the judge, or that it entered upon an investigation of any sort, such as does appear in Gibbin v. Mooney, 121 Ill. 255, and in many other cases, then the presumption would be indulged that there was enough before the court to warrant what was thereupon judicially done. As already stated, however, there is nothing in the notice to indicate upon

what the proposed motion would rest. Nor can it be inferred from anything stated, that any reason operated upon the court to induce its action, aside from the failure of the defendant in error to interpose an objection. There was nothing for defendant in error to answer; the *onus* was upon the plaintiff in error, and while all necessary presumption would be indulged if it appeared that an investigation was had, there can be no such indulgence where the record affirmatively shows there was no investigation.

When it is considered how important it is that the records should be stable as well as true, it seems too clear for argument, that the action of the court here disclosed was unauthorized and should be disregarded.

The only point urged by plaintiff in error is, that the court erred in excluding his evidence from the jury as not being sufficient upon which to base a verdict.

This, of course, can not be determined without reference to the bill of exceptions which was stricken out. The judgment must be affirmed.

*Judgment affirmed.*