## Samuel E. Gross v. Michael C. Sloan, for use E. W. Blatchford et al.

1. COURTS — *Power to Correct Records.*—A court has power, after the expiration of the term, to correct its record, and to direct the clerk to record a verdict which was returned, and which should have been recorded by the clerk at the time of its rendition.

2. NEGLIGENCE — *Of an Attorney is Negligence of the Client.*—It is the settled rule in this State, that negligence of the attorney appearing in a cause is the negligence of the client.

3. GARNISHMENT—*Issue upon the Answer—When to be Made.*—It is not irregular to permit the making of an issue upon the answer of a garnishee after the term has passed at which the answer was filed.

4. VERDICTS—*When Sufficiently Responsive to the Issue.*—The following verdict, "We, the jury, find the issues for the plaintiff, and assess the plaintiff's damages at the sum of two hundred and seventy-nine and 58-100 dollars," was held sufficiently responsive to the issues presented by the interrogatories, answer and replication in a proceeding by garnishment.

Garnishee Proceedings.—Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Submitted at the March term, 1895. Affirmed. Opinion filed April 4, 1895.

APPELLANT'S BRIEF, YOUNG, MAKEEL & BRADLEY, ATTORNEYS.

A verdict is bad when the jury fail to find all that was in issue. Thompson on Trials, 2639; Proffat on Jury Trial, 444.

"When a verdict is found, there can be nothing added to it or taken from it; but as it is found, so the court must judge of it, and whatever is found as a verdict, whereupon the court can give any judgment, must be positively found, not ambiguously; for, if the jury doubt, the court can never resolve the matter of fact; and Shower held, that if the jury do find positively the matter of argument, and do not make the conclusion *de facto*, the court shall reject the matter of argument, and give judgment to the contrary." Duncomb on Trials Per Pais, 259.

In *devastavit* two questions are to be found by the verdict; one, whether the assets had been legally administered, and

Gross v. Sloan.

the other, what amount of assets had been wasted. Young v. Wickliffe, 7 Dana (37 Ky.) 447.

In an action of debt, it is erroneous to enter judgment upon verdict, finding in favor of plaintiff and assessing a certain sum as his damages. Jackson v. Haskell, 2 Scam. 365; Heyl v. Stepp, 3 Scam. 94; Austin v. People, 11 Ill. 453; Ross v. Taylor, 63 Ill. 216; Bodine v. Swisher, 66 Ill. 537.

In such cases a general verdict finding in favor of the plaintiff and for a certain amount of money, not specifying whether it is for debt or damages, is not sufficient to base a judgment upon. Jones v. Lloyd, Breese (Ill.) 225; Toles v. Cole, 11 Ill. 562; Knox v. Breed, 12 Ill. 60; Pulliam v. Pencenneau, 23 Ill. 92; Caldwell v. Richmond, 64 Ill. 31.

Nor will a general finding for the plaintiff in a case of any kind suffice. Hampton v. Watterson, 14 La. An. 236; Broeck v. Wabash & C. R. W. Co., 13 Ill. App. 556; Hirth v. Lynch, 96 Ill. 409.

A verdict must not be uncertain. Duncombe on Trials Per Pais, 259.

Appellee's Brief, Weigley, Bulkley, Gray & Eastman, Attorneys.

"Where a verdict is good in substance, it is sufficient under the statute of jeofails; it may be regarded as reduced to form." City of Pekin v. Winkel, 77 Ill. 56; Atlantic Ins. Co. v. Wright, 22 Ill. 462; Jarrard v. Harper, 42 Ill. 457; Wiggins v. City of Chicago, 68 Ill. 472; Hartford Ins. Co. v. Van Dooser, 49 Ill. 489; Minkhart et al. v. Hankler, 19 Ill. 47; Bates v. Williams, 43 Ill. 494.

Mr. Presiding Justice Waterman delivered the opinion of the Court.

This case is before this court for the second time. At the March term, 1894, it was remanded, upon the ground that the verdict appearing upon the record was not responsive to the issue presented. Gross v. Sloan, 54 Ill. App. 202.

After the decision in this court the appellee discovered, among the files in the court below, a paper signed by the

jurors purporting to be a verdict differing in language from what had been spread upon the record, and moved the trial court to amend the record so as to show the true verdict. This was done against the objection of the appellant, and afterward a judgment was rendered upon the verdict thus recorded.

The inception and progress of this case was, otherwise, as follows :

On September 2, 1887, Almon W. Buckley made affidavit that prior to that time Eliphalet W. Blatchford and Nathaniel H. Blatchford had acquired a judgment against Michael C. Sloan upon which execution had been issued and returned "no property found;" that Mr. Sloan had no property in the knowledge of affiant liable to execution, and that the affiant had reason to believe that Samuel E. Gross was indebted to Mr. Sloan or had effects or estate of Mr. Sloan in his hands.

On September 3, 1887, this affidavit was filed in the Superior Court, and a garnishee summons issued requiring Mr. Gross to answer as to the rights, credits, choses in action, effects, estate, property or money in his hands belonging to Mr. Sloan. The writ was returnable to the October term, A. D. 1887, and was served in due time for that term.

On September 8, 1887, interrogatories directed to Mr. Gross were filed.

On October 7, 1887, being at the October term, a conditional judgment was taken against Mr. Gross and *scire facias* ordered.

On October 15, 1887, *scire facias* was issued returnable to the first Monday of November, 1887, being the first day of the November term.

On October 18, 1887, the *scire facias* was served upon Mr. Gross.

On November 9, 1887, Mr. Gross, by A. S. J. Magruder, his attorney, entered his appearance in the case and filed his answer to the interrogatories, denying any indebtedness to or having in charge, custody, control or possession, any money, right, credit, property or effect of Mr. Sloan, or in which Mr. Sloan was interested.

Gross v. Sloan.

On December 7, 1887, the third day of the next succeeding, or December term, a replication was filed, alleging that the answers of the defendant to the interrogatories were untrue.

On September 16, 1891, Mr. Magruder, the attorney who had charge of the case for Mr. Gross, died.

On December 6, 1893, the case was called for trial and tried *ex parte*, the plaintiff only being in court, and a verdict and judgment for $279.58 was rendered against Mr. Gross.

On December 30, 1893, one of the days of the same term, Mr. Gross moved that it be vacated, supporting his motion with an affidavit, showing the death of Mr. Magruder, who had charge of all his legal affairs; that he had no knowledge that this case was pending at the time of Mr. Magruder's death, supposing that it had been disposed of by the answer filed in 1887; that he labored under that belief until he accidentally learned of the entry of the judgment after it was entered, and that at the time of service upon him of the original writ he owed nothing to Mr. Sloan, and had nothing in his possession belonging to Mr. Sloan, or in which Mr. Sloan, to his knowledge, had any interest.

The verdict upon which the judgment now appealed from was rendered, is as follows :

" We the jury, find the issues for the plaintiff and assess the plaintiff's damages at the sum of two hundred and seventy-nine and 58-100 dollars."

It is insisted that the verdict now appearing in the record is not responsive to the issues.

This court having remanded the cause to the Superior Court for such proceedings as to right and justice appertain, that court had power to correct its record and to direct to be entered any verdict which it found to be the verdict rendered by the jury upon the trial.   The court did not attempt to correct or amend a verdict.  It in this regard merely directed its clerk to record the verdict which was given, and which should have been recorded by the clerk at the time of its rendition.   O'Keefe v. Kellogg, 15 Ill. 347; Palmer v. Woods, 149 Ill. 146.

One of the issues presented by the interrogatories, answer and replication, was whether the appellant had in his possession at the date of the service of the writ upon him, any moneys due to Michael C. Sloan; another was whether appellant was at said date indebted to said Sloan. The verdict seems to be responsive to these, and the assessment of damages seems to be in accordance with the practice in actions of assumpsit.

In the absence of anything showing what the evidence was upon the trial, we do not see how appellant can be heard to complain that the verdict is not responsive to the issues.

It is the settled rule in this State that the negligence of the attorney appearing in a cause, is the negligence of the client. Yates v. Monroe et al., 13 Ill. 219; Kern v. Strausberger, 71 Ill. 413; Clark v. Ewing, 93 Ill. 572–578.

Appellant's attorney having filed an answer, could easily, as he did, have compelled the garnishing creditor to take issue thereon. Thereafter, appellant was entitled to have the cause tried in due course; that the matter rested for several years without a trial, was not a condition forced upon appellant, any more than the delay of four years was a condition forced upon the garnishing creditor. For aught that appears, the cause was tried as soon as it was reached.

We do not think it is in this State irregular to permit the making of an issue upon the answer of a garnishee, after the term has passed at which such answer is filed. The practice in Alabama is, in this regard, not in accordance with that of Illinois.

The judgment of the Superior Court is affirmed.