**David Bidle, Appellee, v. C. E. Hamilton, Appellant.**

1. EXECUTIONS—*what not subject to.* A promissory note cannot be levied upon and sold under execution.

2. ATTACHMENT AND GARNISHMENT—*amendment to section 5 of act relative to attachments before justices, construed.* The amendment to section 5 of the act relative to attachments before justices of the peace does not permit evidences of indebtedness, such as promissory notes, to be subject to seizure upon writs of execution.

Assumpsit. Appeal from the Circuit Court of Coles county; the Hon. M. W. THOMPSON, Judge, presiding. Heard in this court at the November term, 1910. Affirmed. Opinion filed May 26, 1911.

ALBERT C. ANDERSON, for appellant.

J. H. MARSHALL, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is a suit in *assumpsit* by appellee, David Bidle, against appellant, C. E. Hamilton, on a promissory note, executed by said Hamilton. The declaration consists of a special count on the note, and the common counts.

The second plea of the defendant alleges that prior to the bringing of the suit, one Blankenbaker had brought suit in attachment against said Bidle before a justice of the peace; that service by publication was had on Bidle, and judgment rendered in such suit against Bidle and in favor of Blankenbaker; that the Charleston State Bank was summoned as a garnishee in said attachment suit, and that said bank answered therein that it had in its possession a promissory note belonging to said Bidle, signed by said Hamilton; that the justice of the peace ordered said bank to surrender said note, and issued an execution to the constable, who levied the same on the said note, and sold the same at constable's sale to said Hamilton for $115, and that by reason of the said facts Hamilton was not liable on said note. The additional plea alleges that the note was sold by the constable "by order" of the justice of the peace, instead of upon the execution. Demurrers were sustained to both pleas. The defendant abided by his pleas, and judgment was entered by default against him for $434.55.

The propriety of the action of the court in sustaining demurrers to the pleas depends upon whether or not under the law of this state a promissory note can be

levied upon and sold under an execution and the title of the owner thereof thereby diverted. We are of opinion that the question must be answered in the negative. It is well settled that a promissory note cannot be sold on execution. Crawford v. Schmitz, 139 Ill. 564; Vault Co. v. Barrett, 222 Ill. 169. Nor can a promissory note be reached by a writ of attachment. Prout v. Grout, 72 Ill. 456. We do not think that the effect of the amendment to section 5 of the act relative to attachments before justices of the peace is to permit evidence of indebtedness such as promissory notes to be subject to be seized upon writs of attachment. The proper remedy is by garnishment summons against the person liable thereon. The proceedings before the justice of the peace in the present case in no way affected the right of the appellee to recover from appellant, the maker of the note. 'The facts alleged in the plea did not constitute a defense to the action, and the demurrers thereto were properly sustained. The judgment of the Circuit Court is accordingly affirmed.

*Affirmed.*