## The First National Bank of Chicago

*v.*

## Seth F. Hanchett.

*Filed at Ottawa May 9, 1888.*

1. ATTACHMENT—*of moneys of the debtor coming to the hands of the officer.* On a writ of attachment against a warehouse company, the sheriff levied upon goods of other parties stored in the warehouse, or the interest of the company in the property in store. By direction of the plaintiff in the writ, the officer released the property so stored, upon payment, by the owners, of the charges thereon which they owed the company: *Held,* that, even conceding the sheriff had no right to levy on the property, it was his duty to have levied upon the money so paid him, or have treated the same as attached, money and credits of the debtor being subject to attachment.

2. SAME—*moneys coming to officer's hands, subject to levy under writ held by him—duty and liability of the officer.* Where a sheriff holding a writ of attachment against a warehouse company, which he has levied upon the interest of the company in grain stored with it, by direction of the plaintiff in the writ releases the property to the owners upon their payment to him of the charges due thereon to the company, and before the return day of the writ, upon the written order of the company, pays the money so received by him for charges, to the company, by reason of which the debt due the attaching creditor is not fully paid, an action on the case will lie by the attaching creditor against the sheriff for the amount of such money.

3. In such case, the order of the warehouse company on the sheriff for the moneys received by him for storage, is an admission by the company that the money in the sheriff's hands is its property, and would authorize a levy upon the same, and would be a waiver of any supposed trespass of the sheriff in attaching the grain stored. And if the sheriff had doubts as to whether the attaching creditor was entitled to the money, he should have brought the same into court to abide its order and judgment.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding.

This was an action on the case, against Seth F. Hanchett, sheriff, for misconduct and negligence in and about the service of a writ of attachment in plaintiff's favor. The first count avers, that after attaching a large amount of personal property on the writ of attachment in his hands, the sheriff wrongfully surrendered the same, and returned falsely that he had done so by the authority of the plaintiff. The second count differs from the first only in omitting the averment of false return. The third count avers, that there was a large amount of personal property of the defendant in the attachment, of which the sheriff had knowledge, which he might and should have attached, but which he negligently and wrongfully omitted and refused to attach, etc. The plea was the general issue. A jury was waived, and the case was tried in the Superior Court of Cook county, upon an agreed statement of facts.

It appears from the stipulation of facts, that at the time of the delivery of the writ of attachment, the Garden City Warehouse Company, the defendant therein, and a corporation organized under the laws of this State, was doing a general warehouse and storage business in the city of Chicago; that it had in its warehouse a large quantity of chattels, a small part of which it owned, but much the greater part of which it held merely as bailee, in the ordinary course of its business; that the deputy sheriff levied the writ of attachment on all the right and interest of the warehouse company in and to all of said goods and chattels, and in and to the warehouse. At the time of this levy, the deputy sheriff was notified and instructed by the plaintiff's attorney that a large but unknown quantity of the goods belonged to parties other than the warehouse company, but that the levy was to be made on all of them nevertheless, because the defendant warehouse company had an interest in or lien on the stored property for the storage thereof, and for loans and advances made thereon, and that after the levy, whenever third parties should prove their ownership of any of the property, and should pay the sheriff the

storage charges and the loans, the levy should be released, and the storage and other money so received should be held by the sheriff in the place and stead of the property so released; that the deputy sheriff so proceeded until he had so collected and received as storage on property so levied on, and had released under said instructions, the sum of $4008.60. Of this amount, $3648.90 was so received prior to the return day of the writ of attachment, which was May 5, 1884, and before the same was, in fact, returned. Of this amount of $3648.90, the sheriff appropriated to costs and expenses under and on account of the writ of attachment, the sum of $865.47, the propriety of which appropriation is not questioned in this action; and the remainder, being the sum of $2783.43, the sheriff, on the first day of May, 1884, without the consent or knowledge of the plaintiff, and upon the order of the defendant in the attachment, paid to a party claiming to be a creditor of the warehouse company, but having no special claim to said moneys except such as was conferred by said order of said defendant,—which payment, if not justified by the law upon the facts stated, deprived the plaintiff in the attachment of the benefit of his attachment to said amount of $2783.43; that judgment was recovered in the attachment suit at the June term, 1884, for $10,075, and costs of suit, and for the purposes of this suit it is agreed that more than said amount of $2783.43 remains due and unpaid after applying all other moneys which have been or may be realized from the attachment. The levy on the warehouse, but not the levy on the contents thereof, was, on April 23, 1884, released by the sheriff by direction of the plaintiff, and, at the time, the sheriff had received only $3199.07 of the whole amount of $4008.60 collected by him as storage, as aforesaid.

In the Superior Court the plaintiff recovered judgment for $2783.43, which, on appeal to the Appellate Court for the First District, was reversed, the cause being then remanded to the Superior Court, with instructions to enter a judgment

in favor of defendant for costs. This appeal is from the judgment of the Appellate Court.

Mr. Orville Peckham, for the appellant:

The interest of a warehouseman in goods stored with him, may be subjected to his debts by attachment. *Cushman* v. *Hayes*, 46 Ill. 145; *Urquehart* v. *McIver*, 4 Johns. 103.

When the special property of a warehouseman has been attached, and the general owner of the goods pays to the sheriff the warehouseman's storage to release the goods, the lien of the attachment is, by operation of law, transferred to the money into which the warehouseman's special property has thus been converted. *Wheeler* v. *Smith*, 11 Barb. 345.

Even if a warehouseman's interest in the goods stored with him is not attachable, yet in this case the storage money which came into the sheriff's hands during the life of the writ was property of the defendant in the writ, which was subject to attachment.

This is true of money obtained on execution beyond the amount of the debt for which the execution was levied. *Pierce* v. *Carlton*, 12 Ill. 358; *Tucker* v. *Atkinson*, 1 Humph. 300; *Holmes* v. *Newcaster*, 12 Johns. 395; *Wheeler* v. *Smith*, 11 Barb. 345.

The sheriff has no right, of his own motion, to divert from the purposes of the attachment, moneys thus received, on the pretext that they came into his hands in consequence of action on his part which was not lawful. *Graydon* v. *Stone*, 1 Edmonds' Select Cases, 221; *People* v. *Dunning*, 1 Wend. 16; *Walden* v. *Davison*, 15 id. 575; *Bybee* v. *Ashby*, 2 Gilm. 151.

Under the facts, the sheriff should be held to have levied, in fact, upon this money, due regard being had to what, in substance, a levy is, whatever mere formality may have been omitted. If, however, there was no actual levy on the money, the sheriff might, and should, have made one, and he is liable to the plaintiff for not having done so.

FIRST NAT. BANK OF CHICAGO *v.* HANCHETT. 503

Brief for the Appellee. Opinion of the Court.

Messrs. CAMPBELL & CUSTER, for the appellee:

A lien is not the subject of sale, and therefore can not be taken in execution. *Leg* v. *Evans,* 6 M. & W. 36; *Harding* v. *Stevenson,* 6 H. & J. 264; *Kittridge* v. *Sumner,* 11 Pick. 50.

The interest of a mortgagee before foreclosure or entry is not liable to levy and sale. *Blanchard* v. *Colburn,* 16 Mass. 346; *King* v. *Cushman,* 41 Ill. 31.

The lien of a warehouseman is the same as that of a carrier or artisan. *Low* v. *Martin,* 18 Ill. 286.

Although appellee, as sheriff, did levy upon chattels held by the Garden City Warehouse Company as bailee, and did collect storage charges due thereon to the warehouse company, yet the money so collected was not thereby attached, nor was it then subject to attachment as the property of the Garden City Warehouse Company. *Carroll* v. *Cone,* 40 Barb. 220; *Maxwell* v. *McGee,* 12 Cush. 137; *Dubois* v. *Dubois,* 6 Cow. 494.

If the money so collected was then subject to attachment, appellee was not, in law, bound to attach it, for the reason that he was not directed so to do, but was specifically directed how to execute the writ. It was not his duty to execute it in any other manner. *Gowdry* v. *Smith,* 50 Vt. 235; *Ordway* v. *Bacon,* 14 id. 378; *Levy* v. *McDowell,* 45 Texas, 220.

If the money so collected was not then subject to attachment, appellee was bound to pay it over on the order of the Garden City Warehouse Company, or, at least, the payment by him was justifiable. *Carroll* v. *Cone,* 40 Barb. 220.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

Two questions are made upon the record in this case: First, whether the sheriff could lawfully levy upon chattels held by the Garden City Warehouse Company as bailee, for the purpose of attaching the lien or interest which the company had in the chattels for storage charges; second, although

such levy could not lawfully be made, yet as the sheriff did make the levy and did collect the storage charges on the property, whether the money so collected was not thereby attached, or was not then subject to attachment as the property of the Garden City Warehouse Company.

We shall pass by the first question without consideration, for conceding that the goods stored in the warehouse were not subject to attachment for the debts of the warehouse company, we are of opinion that there was a dereliction of official duty on the part of the sheriff with respect to the money for storage charges which came into his hands. The statute directs that the officer shall execute the writ of attachment upon the lands, tenements, goods, chattels, rights, *credits*, *moneys* and effects of the debtor. These storage charges were credits of the attachment debtor, and the money received by the sheriff came of such credits. The owners of the goods which the sheriff had in his possession were owing the attachment debtor these sums of money for storage of the goods, on which goods the attachment debtor had a lien for the payment of the money. The owners pay these charges they are thus owing, to the sheriff, and he delivers up to them their goods. This money thus paid into the sheriff's hands was not his money, but the money of the attachment debtor. It was paid to the sheriff on account of the attachment debtor, and was received by the sheriff on account of the attachment debtor. The officer was commanded by the statute to attach the *moneys* of the attachment debtor, and this money of the attachment debtor we think he should have attached, or have held the same as attached.

This court decided in *Reddick* v. *Smith*, 3 Scam. 451, that money in the hands of a sheriff, collected on execution, can not be attached as the property of the plaintiff in the execution. But in *Pierce* v. *Carleton*, 12 Ill. 358, it was held that surplus money made on execution, in the hands of an officer, over and above what was necessary to satisfy the execution, belonging to the defendant, might be the subject of attach-

ment,—that is, might be garnished in the hands of the officer. And although money in the hands of an officer, collected on execution, of an amount no more than sufficient to satisfy the execution, may not be levied on to satisfy another execution in the officer's hands, that object may be accomplished by returning the money into court with the writ, when the court may direct the money to be paid in satisfaction of the second execution, as in *Armistead* v. *Philpot*, Doug. 219. And see *Williams* v. *Rogers*, 5 Johns. 163, and *Turner* v. *Fendall*, 1 Cranch, 41. So here, if this money in the sheriff's hands was not strictly property of the warehouse company which could be seized in attachment, it might have been held and brought into court by the sheriff, to answer to the judgment in attachment, as the court might direct. But this money was not collected on any execution. It was money owing to the warehouse company, voluntarily paid into the sheriff's hands by the company's debtors, and money may be seized on execution,—and this, too, even though the money be not found in the execution debtor's own hands. *Wheeler* v. *Smith*, 11 Barb. 345; *Spencer* v. *Blaisdell*, 4 N. H. 198.

Why, then, should not the sheriff have held this money, and returned it into court to answer upon the attachment? This certainly would have been in the spirit of the Attachment act, with reference to the appropriation of credits on attachment, which directs that credits shall be attached,—and this court has said the Attachment act should receive a liberal construction. *Hannibal and St. Joseph Railroad Co.* v. *Crane*, 102 Ill. 249.

It is said that it was not in accordance with plaintiff's instructions to the sheriff, for him to levy on this money,—that the instruction was, that the storage money received should be held by the sheriff in the place and stead of the property released. Had the sheriff held the money as instructed, all would have been well. But he did not hold it. He parted with the money, and paid it away on the order of the ware-

house company, without the knowledge of the plaintiff. This was in disobedience of the plaintiff's instruction, and when the sheriff undertook to depart therefrom, his official duty should have guided his conduct.

It is said the attachment of the goods in the warehouse was a trespass, that the warehouse company had its remedy in trespass against the officer for making such attachment, and that in reparation for the wrong the sheriff might very properly pay the money to the warehouse company. This would appear to assume that any damages in trespass would be assessed to the amount of these moneys. But it may be supposed any damages which would be assessed for such a trespass would be small, where the officer had appropriated the moneys thus obtained to the satisfaction of a just demand against the company. However, the sufficient answer in this regard would seem to be, that the warehouse company's order for the payment of the money by the sheriff was a ratification of the sheriff's agency in receiving the money,—an acknowledgment that the money in the officer's hands was the money of the company, and would be a waiver of the supposed trespass. Furthermore, this order was a distinct admission by the warehouse company that the money in the sheriff's hands was their money, and upon this, if nothing else, the sheriff should have attached, or have held the money in his hands, as the money of the warehouse company, and have brought the same into court, to abide its disposition of the money.

The return day of the writ of attachment was May 5, 1884, and on May 1, 1884, the money was paid by the sheriff upon the order of the warehouse company, so that the order was given before the return day of the writ, and at a time when the sheriff might have levied it upon the money.

The judgment of the Appellate Court will be reversed, and that of the Superior Court will be affirmed.

*Judgment reversed.*

Mr. Justice Shope, dissenting.