THE COMMERCE VAULT COMPANY, for use, etc.

*v.*

THOMAS E. BARRETT, Sheriff.

*Opinion filed June 21, 1906.*

1. LEVY—*right to redeem is not subject to levy and sale.* Upon foreclosure sale of a leasehold estate the only interest remaining in the lessee is the right to redeem within twelve months and to retain possession for fifteen months, which is not such an interest as is subject to levy and sale under execution.

2. JUDGMENTS AND DECREES—*judgment rendered after foreclosure sale is not a lien.* After a leasehold estate has been sold on foreclosure no lien can attach to such estate by reason of the subsequent rendition of a judgment against the lessee.

3. SAME—*right of creditor to redeem does not exist by virtue of lien.* The right of a subsequent judgment creditor to redeem from a foreclosure sale of a leasehold estate does not exist by virtue of any lien, but only by reason of the provisions of the statute.

4. SAME—*when judgments are not liens on surplus in sheriff's hands.* Judgments rendered against a lessee after a foreclosure sale of the leasehold estate are not liens upon the surplus remaining in the hands of the sheriff after one of such judgments has been satisfied by making redemption and re-selling the property.

5. GARNISHMENT—*when surplus in sheriff's hands is subject to garnishment.* Where a leasehold estate is sold on foreclosure and a

redemption is made by a creditor under a judgment rendered after the foreclosure sale, the surplus remaining in the hands of the sheriff after satisfying the judgment is held by him for the use of the debtor, and is subject to garnishment even though the sheriff has in his hands other executions issued upon judgments rendered after the foreclosure sale.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. E. O. BROWN, Judge, presiding.

This is a suit in garnishment, brought in the circuit court of Cook county by Commerce Vault Company for the use of Benjamin McWilliams, the appellant, against Thomas E. Barrett, sheriff of Cook county, the appellee. Written interrogatories were filed, which the garnishee answered. Exceptions were taken to the answer and were overruled by the court. The garnishee was discharged and judgment was rendered against the appellant for costs. An appeal was taken to the Appellate Court for the First District, where the judgment of the circuit court was affirmed. Appellant has prosecuted a further appeal to this court.

The facts, as disclosed by the answer of the garnishee, are as follows:

On August 22, 1902, the leasehold interest of the Commerce Vault Company in certain real estate in Cook county was sold under a foreclosure decree. No redemption was made by the Commerce Vault Company from that sale. Thereafter, at the October term, 1903, of the superior court of Cook county, judgment was rendered against said company, in favor of the Knights Templars and Masons Life Indemnity Company, for $29,392. Execution (hereinafter referred to as execution No. 1) was issued upon this judgment and delivered to the sheriff of Cook county, together with the amount necessary to redeem from the foreclosure sale. On October 23, 1903, the sheriff levied on the lease-

hold interest above mentioned, and on November 24, 1903, sold the same under execution No. 1 for $65,000. After making the said levy, but before sale thereunder, the sheriff received two other executions (hereinafter referred to as execution Nos. 2 and 3) against the Commerce Vault Company and in favor of the Knights Templars and Masons Life Indemnity Company, one of which was issued upon a judgment rendered at the October term, 1903, of the circuit court of Cook county, and the other at the October term, 1903, of the superior court of Cook county, the aggregate amount of these two judgments being $186,618.07.

McWilliams obtained judgment against the Commerce Vault Company for $3325 at the October term, 1903, of the circuit court of Cook county. Execution was issued on this judgment and delivered to the sheriff of Cook county, who returned it "no property found."

Prior to the sale by the sheriff last above mentioned, and on November 20, 1903, the circuit court of Cook county, in a proceeding by McWilliams against the Commerce Vault Company, entered an order restraining Barrett, sheriff of Cook county, during the pendency of a certain motion in said cause, from paying over to any person or persons whomsoever any and all proceeds in excess of $16,990.27 arising from the sale to be made by him under execution No. 1, and from applying any of the proceeds of said sale in excess of $16,990.27 on execution No. 1, and from applying any of the proceeds of said sale in excess of $16,990.27 on executions Nos. 2 and 3. The garnishment writ herein was served upon appellee on December 15, 1903, and the restraining order was dissolved on the following day.

The garnishee set up, by his answer to the interrogatories filed in this suit, that on November 24, 1903, being the day of the sale under execution No. 1, he paid to the redeeming creditor, the Knights Templars and Masons Life Indemnity Company, $16,730.55, and retained his fees, amounting to $741.04, leaving a balance of $47,528.41 in his hands on

that date belonging to the Commerce Vault Company. He claimed by said answer that this balance was subject to the lien of execution No. 1, under which the redemption and sale had been made, and was also subject to the liens of executions Nos. 2 and 3, which were in his hands on that date. The answer disclosed that after satisfying execution No. 1 there will remain a surplus of $17,964.96 from the proceeds of the sale made under that execution. The contention of appellant is that this surplus is subject to garnishment, while appellee's position is that executions Nos. 2 and 3 were liens upon this surplus at the time the garnishment writ was served, and that, inasmuch as it will require all of said surplus to satisfy these two executions, no part thereof is subject to garnishment.

TAYLOR & MARTIN, for appellant:

After twelve months the debtor has no interest in the property, and a redemption sale made under a redemption effected by a junior judgment is a sale of nothing which belongs to the owner of the equity of redemption. *Herdman* v. *Cooper,* 138 Ill. 583; *Smith* v. *Mace,* 137 id. 68; *Fitch* v. *Wetherbee,* 110 id. 475; *Bozarth* v. *Largent,* 128 id. 95.

The right of redemption of a judgment debtor during the statutory period of redemption after his lands have been sold on execution is not subject to levy and sale. *Merry* v. *Bostwick,* 13 Ill. 398; *Watson* v. *Reissig,* 24 id. 281; *Cook* v. *Chicago,* 57 id. 268; *Kell* v. *Worden,* 110 id. 310; *Hill* v. *Blackwelder,* 113 id. 283; *Harden* v. *White,* 63 Iowa, 633; *Peeble* v. *Pate,* 90 N. C. 348; 2 Freeman on Executions, (3d ed.) par. 182.

While goods, money and chattels may be taken on execution, the only way a credit can be reached, under our statute, is by attachment or garnishment. Rev. Stat. chap. 11, sec. 8, and chap. 62, sec. 1; *Crawford* v. *Schmitz,* 139 Ill. 564.

A judgment lien upon lands in this State is conferred alone by statute, and is not a common law right. It can only

attach and become effective in the mode, at the time and upon the condition and limitations imposed by the statute itself. *Green* v. *Marks,* 25 Ill. 221.

The sale from which the surplus arose was a redemption sale under section 20 of the statute on judgments.

An officer holding surplus money occupies the relation of a debtor to an execution defendant. The former holds the same as so much money had and received. The execution defendant is not entitled to receive the specific bank notes or currency paid over to the officer, but only the equivalent in cash, and it is not the debtor's money until paid over to him. *Pierce* v. *Carleton,* 12 Ill. 358; *Weaver* v. *Davis,* 47 id. 235; *Lightner* v. *Steinagel,* 33 id. 510; *Self* v. *Schoenfield,* 60 Ill. App. 65; *Turner* v. *Fendall,* 1 Cranch, 117; *Prentiss* v. *Bliss,* 4 Vt. 513; *Dubois* v. *Dubois,* 6 Cow. 493; *Harding* v. *Stevenson,* 6 H. & J. 264.

Liens must be determined as they exist at the time of the sale. If land is sold, the surplus proceeds of the sale must be dealt with and treated as land. Creditors not having liens are not entitled to share in the division of the proceeds. An execution which is not a lien at the time of the sale is not entitled to participate in the surplus. 3 Freeman on Executions, (3d ed.) 447; Wiltsie on Mortgage Foreclosure, sec. 713; *Douglass' Appeal,* 48 Pa. App. 223; *Avery* v. *Edgerton,* 7 Wend. 259; *International Co. Bank's Appeal,* 95 Pa. App. 500; *Jones* v. *Jones,* 1 Bland's Ch. 443; *Walker* v. *Braden,* 44 Kan. 707; *Ridenour* v. *Shidler,* 5 Ill. App. 180; *Appeal of Rudy,* 94 Pa. 338.

The sheriff has no right, on his own motion, to appropriate surplus money in his hands to satisfy another execution held by him against an execution debtor, nor can he be compelled to make such application. *Prentiss* v. *Bliss,* 4 Vt. 513; Crocker on Sheriffs, (ed. of 1890,) par. 507; *Fieldhouse* v. *Croft,* 4 East, 510; *Knight* v. *Kriddle,* 9 id. 48; *Willows* v. *Ball,* 5 Bos. & P. 376; *Turner* v. *Fendall,* 1 Cranch, 117; *Crane* v. *Freese,* 16 N. J. L. 305.

A judgment creditor does not acquire a lien on surplus money arising from the sale of real estate by the mere act of placing an execution in the hands of an officer, but he must take some steps to make the lien a specific one. *Pahlman* v. *Shumway*, 24 Ill. 128; *Bank* v. *Trustees of Schools*, 211 id. 510.

Surplus money in the hands of an officer is not regarded as in the custody of the law, and is subject to garnishment. *Pierce* v. *Carleton*, 12 Ill. 358; *Smith* v. *People*, 93 Ill. App. 135; *Weaver* v. *Davis*, 47 Ill. 235; *Self* v. *Schoenfield*, 60 Ill. App. 65.

SEYMOUR EDGERTON, for appellee:

The surplus resulting from the redemption sale was the property of the debtor, and liable to be taken by its creditors in satisfaction of their claims. *Weaver* v. *Davis*, 47 Ill. 235; *Pierce* v. *Carleton*, 12 id. 358; *Lightner* v. *Steinagel*, 33 id. 510; *Self* v. *Schoenfield*, 60 Ill. App. 65; *Smith* v. *People*, 93 id. 135; Freeman on Executions, (3d ed.) sec. 130; Murfree on Sheriffs, (2d ed.) sec. 532a.

When a sheriff holds an execution against a party and money belonging to that party comes into his hands, it is his duty to make application of it to the satisfaction of the execution. No levy is necessary. *Walton* v. *Compton*, 28 Tex. 575; *Evans* v. *Virgin*, 72 Wis. 423; *Simpson* v. *Sparkman*, 80 Tenn. 360; *Dolby* v. *Miltins*, 3 Humph. 437; *State* v. *Doan*, 39 Mo. 44; *Leach* v. *Pine*, 41 Ill. 65; Murfree on Sheriffs, sec. 535; Freeman on Executions, sec. 135.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the court:

On August 22, 1902, when the foreclosure sale was made of the leasehold interest of the Commerce Vault Company, the only interest which remained in the company was the right to redeem from the sale at any time within twelve months and to continue in possession for a period of fifteen

months. This right was not such an interest as to be subject to levy and sale under execution. (*Merry* v. *Bostwick,* 13 Ill. 398; *Watson* v. *Reissig,* 24 id. 281; *Cook* v. *City of Chicago,* 57 id. 268; *Kell* v. *Worden,* 110 id. 310; *Hill* v. *Blackwelder,* 113 id. 283.) Consequently, no lien could attach to the leasehold interest by reason of the rendition of any judgment against the Commerce Vault Company subsequent to the foreclosure sale. (*Green* v. *Marks,* 25 Ill. 221.) . The right of a creditor to redeem from a foreclosure sale at any time between twelve and fifteen months after the date of sale and to have the property re-sold to satisfy his debt does not exist by virtue of any lien on the property, but solely by reason of sections 20 and 23 of chapter 77, Hurd's Revised Statutes of 1903. *Herdman* v. *Cooper,* 138 Ill. 583.

All of the judgments involved in this suit were rendered after the foreclosure sale, and for that reason none of them became liens upon the leasehold interest theretofore owned by the Commerce Vault Company. The Knights Templars and Masons Life Indemnity Company, however, redeemed from the foreclosure sale and caused the premises to be re-sold under execution No. 1 in its favor, as it had a right to do under the provisions of the statute above referred to. This sale produced a surplus of $17,964.96 over and above the amount necessary to reimburse the redeeming creditor for the money advanced by it and to satisfy that execution against the Commerce Vault Company.

At the time of the sale under execution and when the proceeds arising therefrom were received by the sheriff, he had in his hands two other executions which had been issued upon judgments rendered against the Commerce Vault Company during the month of October, 1903. As above indicated, neither of these judgments was a lien upon the leasehold interest heretofore mentioned. It was claimed by the garnishee in the trial court, and is contended here in support of the judgments of the circuit and Appellate Courts, that executions Nos. 2 and 3, although not liens upon the

leasehold interest, became liens upon the surplus arising from the sale under execution No. 1 at the instant such surplus came into the hands of the sheriff. Whether these executions became liens upon such surplus depends upon whether such surplus may be levied upon by the sheriff under those executions or applied thereon by him. This involves a consideration of the relation existing between the sheriff, as the holder of such surplus, and the Commerce Vault Company.

It has been heretofore decided by this court that a surplus remaining in the hands of a sheriff from the sale of property taken and sold under execution is not in the custody of the law, but that the sheriff holds such surplus for the use of the judgment debtor as money had and received; (*Pierce* v. *Carleton,* 12 Ill. 358; *Lightner* v. *Steinagel,* 33 id. 510;) or, as stated in *Weaver* v. *Davis,* 47 Ill. 235, the sheriff holds such surplus merely as a trustee for the debtor, which the latter may recover in an action against the sheriff for money had and received.

Such being the relation between the sheriff, as the holder of the surplus, and the debtor, it is manifest that the latter has no property in the specific money received by the sheriff, but has merely a chose in action which may be enforced against the sheriff in an action of assumpsit. The sheriff may substitute any other money, provided it be a legal tender, in the place of the money received by him at the sale, and a payment with such substituted money would be a complete discharge of his liability to the person entitled to the surplus.

That a chose in action, other than those evidences of debt which circulate as money, is not subject to levy and sale under execution has been expressly decided by this court in *Crawford* v. *Schmitz,* 139 Ill. 564.

In the case of *Turner* v. *Fendall,* 1 Cranch, 117, the Supreme Court of the United States, in discussing the question whether money collected for one person by a sheriff under an execution could, before it had been paid over to that person,

be levied upon by the same sheriff under an execution in favor of another person and against the goods and chattels of the person for whom the money was collected, said:

"The general rule of law is, that all chattels, the property of the debtor, may be taken in execution, and whenever an officer has it in his power to satisfy an execution in his hands it is his duty to do so, and if he omits to perform his duty he must be accountable to those who may be injured by the omission. But has money not yet paid to the creditor become his property? That is, although his title to the sum levied may be complete, has he the actual legal ownership of the specific pieces of coin which the officer may have received? On principle the court conceives that he has not this ownership. The judgment to be satisfied is for a certain sum,—not for the specific pieces which constitute that sum; and the claim of the creditor on the sheriff seems to be of the same nature with his claim under the judgment, and one which may be satisfied in the same manner. No right would exist to pursue the specific pieces received by the officer, although they should even have an ear-mark; and an action of debt,—not of detinue,—may be brought against him if he fails to pay over the sum received or converts it to his own use. It seems to the court that a right to specific pieces of money can only be acquired by obtaining the legal or actual possession of them, and until this is done there can be no such absolute ownership as that an execution may be levied on them. A right to a sum of money in the hands of a sheriff can no more be seized than a right to a sum of money in the hands of any other person, and however wise or just it may be to give such a remedy, the law does not appear yet to have given it."

In *Prentiss* v. *Bliss,* 4 Vt. 513, where the same question was before the court as in *Turner* v. *Fendall, supra,* it was said:

"The fallacy of the ground assumed, that the money collected on an execution becomes the money of the creditor,

will manifestly appear by inquiring whether an action of trover could be maintained against the sheriff when he neglects to pay over the money? Whether, if the money was stolen or lost, it would be the loss of the officer or creditor? Whether, if received in bills which at the time, or at any time thereafter, should be subject to a discount or bear a premium, the creditor would sustain the loss or have the benefit of the premium? No one, I believe, would hesitate to answer all these questions in the negative. * * * Neither do we see any of the absurdities attending this view of the case which have been urged in the argument. It has been said that it is idle to require him to pay over the money to the creditor when it would be his duty immediately to levy on the same as soon as it came into the possession of the creditor. But it may be remarked that there is no greater absurdity in this than there is in requiring him in all cases to forbear levying on property until it becomes the property of the person for whose debt he is about to levy. Whether he or any other person is indebted and about to make a payment, and whether this payment is to be made in money or specific articles, he, as sheriff, cannot stop the payment and seize upon the money or specific articles until they have become the money or property of the person for whose debt he takes it."

The case of *Leach* v. *Pine*, 41 Ill. 65, relied upon by appellee, is entirely dissimilar to the one at bar. The property involved in that case was personal property and the executions were liens upon the property which was seized by the sheriff. In such case it is manifest that the surplus arising from a sale under one execution could be applied by the sheriff upon other executions which were in his hands and were liens upon the property at the time such sale was made.

In *First Nat. Bank of Chicago* v. *Hanchett*, 126 Ill. 499, the sheriff had in his hands a writ of attachment, which he levied upon certain property in the possession of the warehouse company which was the defendant in attachment, and upon which the defendant had a lien for storage charges and

money advanced. Thereupon the various owners of this property paid to the sheriff the amount of the storage charges and he released the levy. The attorney for the plaintiff directed him to pursue this course and to hold the money so received in lieu of the property released. The sheriff, however, paid the money, upon the order of the defendant, to a creditor other than the plaintiff. This court held that the sheriff should have returned the money into court to answer to the judgment in attachment, as the court might direct. That conclusion was undoubtedly correct for this reason there pointed out: The money was paid into the sheriff's hands by the defendant's creditors, and the order given by the defendant to the creditor to whom the money was paid "was a distinct admission by the warehouse company that the money in the sheriff's hands was their money, and upon this, if nothing else, the sheriff should have attached or have held the money in his hands as the money of the warehouse company and have brought the same into court to abide," etc. In the case now before us the identical money in the sheriff's hands did not become the money of the execution debtor, but the sheriff, in his individual capacity, was merely indebted to the Commerce Vault Company precisely as though he owed it for borrowed money.

Appellee refers us to adjudications in sister States supporting his view, but we regard the conclusion reached by the Supreme Court of the United States and by the court of last resort of the State of Vermont as founded upon the stronger reasoning.

We therefore hold that executions Nos. 2 and 3 were not liens upon the surplus in the hands of the sheriff at the time the garnishment writ was served upon him in this case. That was the only defense set up by the answer, which admitted that the garnishee had $17,964.96 in his hands belonging to the Commerce Vault Company when this writ was served upon him. The circuit court, therefore, erred in overruling the exceptions to the answer, in discharging the

garnishee and in entering judgment against appellant for costs.

The judgment of the circuit court and the judgment of the Appellate Court will be reversed, and the cause will be remanded to the circuit court for further proceedings in conformity with the views herein expressed.

*Reversed and remanded.*