## David Strauss v. James H. Gilbert.

### Gen. No. 13,235.

1. INTEREST—*when cannot be recovered.* Interest cannot be recovered of a trustee whose sole duty was to hold the money in question in trust and be ready to pay the same at any time upon demand of the party entitled thereto.

2. CONVERSION—*what does not constitute.* A sheriff, who, as sheriff, receives redemption money and who after the expiration of · his office as sheriff continues to hold such money as trustee, is not guilty of the conversion of the fund by making a deposit thereof in a bank if it appears that the person entitled to the fund in question had no property in the specific money in question, especially where it appears that the person finally claiming such fund for a long period of years did not claim or assert any title to or interest therein.

Assumpsit. Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1906. Affirmed. Opinion filed June 25, 1907.

FREDERICK W. STORY and B. M. SHAFFNER, for appellant; J. W. MERRIAM, of counsel.

GEORGE GILLETTE, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

Appellant sued appellee in the Circuit Court to recover interest on the sum of $7,042.03, redemption money, received by appellee as sheriff of Cook county for certain premises he had levied an execution upon, and sold at sheriff's sale.

A jury was waived and the cause was submitted to the court on the following stipulation of facts:

"David Strauss was the assignee of a certificate of sale in the case of Becker v. Friend, in the Circuit Court of Cook County, in which a decree was entered upon the cross-bill of Emma Engel, Goldie Cohen and Joel J. Jackson, January 20, 1891; Supplemental de-

cree, June 29, 1891, and order November 14, 1892, under which sale by Master Cooper of the east 25 feet of Lot three (3) in Block forty-two (42), School Section Addition, February 25, 1893, to Sophia Salomon for $6,404.43, highest and best bidder. Certificate issued certifying that she or her assigns would be entitled to a deed May 26, 1894, unless the same would be redeemed according to law. This certificate assigned to David Strauss and recorded March 5, 1893; decree affirmed in 160 Illinois, 185.

"Intervening petition by Strauss, filed February 16, 1900, asking execution of Master's deed; answer and disclaimer by Master, stating that some time in 1894 a deed was requested and refused because he was notified by Gabriel Norden, solicitor for other parties, that premises had been redeemed at sheriff's office.

"May 23, 1900, Strauss filed amended and supplemental petition, charging the obtaining of judgment and issuance of said execution and attempted redemption were fraudulent and void and taken with a preconceived intention on the part of the cross-complainants and their attorney of harassing and defrauding the petitioner; that a judgment note for $1,230 was executed by Engel, Cohen & Jackson, owners of equity, February 26, 1894, to Norden for legal services; that February 28, 1894, judgment was entered and execution filed with sheriff; that judgment was assigned by Norden to Tuckhorn, May 23, 1894. Alias execution levied upon premises, and on June 19, 1894, sheriff sold same to Tuckhorn for $7,084.25, amount with interest from date of sale to date of redemption, and executed his deed of the same date conveying the premises to her.

"Tuckhorn filed an answer setting up Master's sale to Sophia Salomon for $6,404.43; also execution of judgment note to Norden, rendition of judgment and placing execution in hands of sheriff; assignment of judgment to Tuckhorn and purchase by her at sheriff's sale for $7,084.23, and receiving deed of premises.

"The twelve months for redemption from Master's sale expired February 25, 1894, no redemption was made. The levy and sale occurred within the three months additional for judgment creditors to redeem.

"Upon hearing the petition of Strauss was dismissed, and this order was affirmed upon appeal December 16, 1902, in the case of Strauss v. Tuckhorn, 200 Ill., page 75.

"That at the time of said redemption the sum of $7,042 was placed in the hands of James H. Gilbert, the defendant, and he continued to be said sheriff until December 1, 1894; that thereafter he ceased to be sheriff, his term having expired, and one James Pease duly qualified as and became successor and took possession of the office; that said Gilbert retained in his possession said moneys so paid on said redemption; that on January 19, 1903, written demand was made by Strauss for the $7,042.03 and interest at five (5) per cent. from December 1, 1904, upon said Gilbert, and on January 20, 1903, Gilbert paid over to said Strauss the principal sum of $7,042.03, but refused to pay said interest; said payment was made by personal check (certified) of said Gilbert, drawn on the Garden City Trust & Savings Bank, of which said Gilbert was president, and which said check was paid. Upon said demand Strauss delivered to said Gilbert Master's certificate of sale, and signed and endorsed a receipt on the back thereof for $7,042.03.

"Certificate of Wm. Fenimore Cooper, Master, that in pursuance of a decree entered January 20, 1891, and supplemental decree entered June 29, 1890, and supplemental order November 14, 1892, he duly advertised, etc., and sold said premises to Sophia Salomon for $6,404.43, etc., the highest and best bidder for cash, and that she would be entitled to a deed May 26, 1894, unless the same should be redeemed. Endorsed assignment to David Strauss, also endorsed receipt from James H. Gilbert, late sheriff, for $7,042.03, being the moneys held by him in payment of the redemption on

account of sale mentioned within; also endorsed filed for record March 5, 1893, at 3 o'clock P. M., Book 4207 of Records, page 441.

"It is further stipulated that on June 20, 1894, Gilbert deposited said money in the Metropolitan Bank, in which he deposited all moneys received by him as sheriff, together with all received on his personal account, and that the sum of $7,042.03 was included in deposit of $10,848.72 of that date; that Gilbert continued this account until January 14, 1895, when it was transferred to the Garden City Bank, of which he was president and a large stockholder and so remains, the name of said bank having been changed recently to the Metropolitan Trust & Savings Bank; that during the greater part of the period since June 19, 1894, the balance on deposit to the credit of said Gilbert exceeded the sum of $7,042.03, and during the balance of the time was less; that said account was a personal checking account and that said sum of $7,042.03 was deposited to the personal account of said Gilbert and mingled with his personal funds as well as moneys collected by him as sheriff; that during all of said time said Gilbert was ready and willing to pay the said sum of $7,042.03 to Strauss or the holder of said certificate upon request; that he was able at all times to pay, and the said bank stood ready to honor his check for said sum; that no demand was ever made by Strauss or his assignor, Sophia Salomon, until January 19, 1903, to pay said money or any part thereof, or make any disposition thereof.

"It is stipulated and agreed that the case may be tried upon the foregoing statement of facts."

The plaintiff asked the court to hold the following propositions of law, but the court refused to hold them or either of them:

"The court upon facts submitted herein holds as a proposition of law that the plaintiff is entitled to recover of the defendant as interest on or for the use

of the money, on the amount of $7,042.03 from the 20th day of June, 1894, until the date of the finding herein.''

''The court further holds as a proposition of law that it was the duty of the defendant at the time that his term of office as sheriff ended and his successor elected and qualified to turn over all moneys to such successor, that he, defendant, held in his official capacity as late sheriff; and having failed so to do and mingled the sum of $7,042.03 with his own moneys and it amounted to a conversion and the plaintiff is entitled to recover of the defendant interest at the rate of five per cent. from the 20th day of June, 1894, until the date of the finding herein.''

''The court further holds, as a proposition of law, that the plaintiff is entitled to recover of the defendant any moneys that the sum of $7,042.03 earned whilst in the hands of the defendant from the 20th day of June, 1894, until the date of the finding herein.''

The court found for the defendant and entered a judgment on the finding.

We think it is too clear for argument that the court properly refused to hold as the law governing the case the three propositions submitted by plaintiff, each of which declared the plaintiff was entitled to recover interest on the amount of $7,042.03, from June 20, 1894, ''until the date of the finding herein.'' The record shows that the date of the finding was March 29, 1906. The defendant, Gilbert, paid over the money to the plaintiff January 20, 1903, on demand by Strauss, the plaintiff, nearly three years before the finding.

Considering the merits of appellant's case, without regard to the propositions of law, we are of the opinion that appellant is not entitled to recover.

The contention of appellant is that appellee was a trustee *in virtute officii,* for the fund, with no right to use or control it beyond the duty of preserving it for the rightful owner, and that when he ceased to be sheriff, his trusteeship continued until the fund was paid over to the owner. This duty would have been per-

formed, it is said, if he had placed the fund in a safety deposit vault, or by depositing it as a distinct fund in some reasonably safe bank. But he did neither of these things, and without any right in himself, it is claimed he deposited the fund June 20, 1894, in the Metropolitan National Bank to his own personal credit. This act, it is argued, constituted a conversion of the fund to his own use.

It appears that appellant, Strauss, instead of surrendering his certificate of sale and obtaining the redemption money in appellee's hands, waited nearly six years before filing his intervening petition, or taking any steps to obtain a master's deed. In February, 1900, he filed an intervening petition in the foreclosure case, under which the sale was had, attacking the judgment under which appellee, as sheriff, sold the property to Tuckhorn, and thereby sought to compel the issuance to him, Strauss, of a master's deed upon said certificate of sale held by him, as though no redemption had been made. In this attempt he failed, and the order dismissing his petition was affirmed by the Supreme Court, December 16, 1902. Strauss v. Tuckhorn, 200 Ill. 75. About a month later, January 19, 1903, Strauss made demand on Gilbert for the money, with interest, as the holder of the certificate. Gilbert promptly paid the redemption money, $7,042.03, but declined to pay the interest.

It is to be observed that during all this period, or at least from the time appellant, Strauss, filed his intervening petition attacking the judgment under which the property was sold to Tuckhorn by Gilbert, as sheriff, the question as to the validity of the redemption, and consequently to whom the fund held by Gilbert belonged, was in litigation at the instance of Strauss, who denied the validity of the judgment and the right of the judgment creditor to redeem under it.

As said in Mathewson v. Davis, 191 Ill. 391, 398: "Generally, the fund in the hands of a trustee is to be

loaned or invested, so that it shall produce income for some beneficiary.'' In that case it was held that where the only duty of one receiving a deposit of money in trust is to be always ready to pay it over whenever the beneficiary is entitled to it, he is not ordinarily chargeable with interest. In this case, the deposit of the fund was for a particular purpose under the law, and the only duty of Gilbert was to be ready always to pay over the money whenever an owner of the certificate of sale was entitled to receive it, and should present his certificate of sale. We discover no difference in principle in the position of appellee, Gilbert, in the case at bar and that of Judge Davis or his executors in Mathewson v. Davis, *supra,* and we think that case is conclusive of the question as to appellant's right to interest.

Furthermore, Strauss had no property in the specific money received by Gilbert from the purchaser at the sale under the Tuckhorn execution. Gilbert might substitute any other money, provided it be a legal tender, in place of the money received by him, and a payment with such substituted money would be a complete discharge of his liability to the owner of the certificate. Commerce Vault Co. v. Barrett, 222 Ill. 169. Therefore, Gilbert cannot be charged with any unlawful conversion of the fund, under the facts stipulated.

For years Strauss denied his ownership of the fund. He conducted litigation, as we have seen, to defeat the redemption and obtain the property. It is difficult to see how he can now claim interest on the money during the years in which he denied any right or claim to it. He might have changed his attitude at any moment and demanded and received the money. Gilbert was, therefore, compelled to hold himself always in readiness to pay over the money. Having been defeated in his attempt to obtain the property, he now asserts that during all that period Gilbert should be held accountable to him for the legal rate of interest, although he

was in fact at all times able, ready and willing to pay it over. The demand of appellant is neither legal nor equitable.

The judgment is affirmed.

*Affirmed.*