Mary M. Hack, Appellee, v. Bernard W. Snow, Bailiff of Municipal Court of Chicago, et al., Appellants.

Gen. No. 33,001.

Opinion filed February 27, 1929.

SINDEN & HASSELL, for appellants; CLYDE C. FISHER, of counsel.

ODE L. RANKIN, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This is an appeal by one of the defendants, Wladyslaw Liesik, from a decree entered on a bill filed by the complainant, Mary M. Hack, to quiet her title. The material facts may be briefly stated as follows:

In answering the bill to foreclose a mortgage the defendant Liesik, a judgment creditor of the mortgagor, appeared and made proof of the lien of his judgment. The court decreed his judgment to be a lien on the mortgaged property subordinate to the lien of the mortgage in the foreclosure proceeding. At the foreclosure sale Liesik did not bid to protect his lien. The mortgagee complainant bid in the property for the amount of the decree and costs, leaving no surplus to satisfy Liesik's judgment. Within twelve months after the sale the grantees of the mortgagor redeemed. Thereupon Liesik levied an alias execution upon the mortgaged property and proceeded to sale. Thereupon complainant filed her bill to quiet her title. Defendant Liesik interposed a general demurrer to the bill. Upon a hearing that demurrer was overruled and Liesik electing to stand by his demurrer, the bill was taken as confessed and the decree found in the record was entered, granting the relief prayed and removing the claim of Liesik from the record as a cloud upon complainant's title, we presume upon the theory as argued that the lien of the judgment passed from the land to the proceeds of sale in the foreclosure proceeding, and that the grantees of the mortgagor upon redemption took the property free and clear of Liesik's judgment. The integrity of that decree is involved in this appeal.

The bill sets up *inter alia* that complainant, Mary M. Hack, acquired title to the real estate in the bill de-

scribed from one Teodor Mitkowski and Susanna Mitkowski, his wife, and that the Mitkowskis derived their title from Dominick Horvath and Vilma Horvath, his wife, by warranty deed dated August 31, 1923, and duly recorded September 4, 1923; that on October 31, 1924, the defendant Liesik obtained a judgment in the municipal court of the city of Chicago against Teodor Mitkowski, and the judgment remained unsatisfied; on November 17, 1924, an execution was issued thereon and returned thereafter unsatisfied. By trust deed dated May 24, 1923, and recorded May 25, 1923, Dominick Horvath and Vilma Horvath, his wife, the then owners of the property, conveyed the same to Ednyfed H. Williams, as trustee, to secure the Horvaths' note for $1,700, and that thereafter on December 18, 1924, a bill was filed in the circuit court of Cook county by Ernest W. Bock, owner of the note and trust deed, against the said Dominick and Vilma Horvath, said defendant Liesik, said Teodor and Susanna Mitkowski and others, to foreclose said trust deed, whereby said circuit court obtained jurisdiction over the parties by service of summons, and that the said defendant Liesik appeared and made proof of his judgment against Teodor Mitkowski, and such proceedings were had in said foreclosure suit that thereafter on March 31, 1926, a decree was entered finding that said trust deed was a lien upon the property conveyed thereby, and also finding that the judgment of the said defendant Liesik was a lien upon the property subordinate to the lien of said trust deed, and ordered and decreed that the defendants or some one of them pay the amount found to be due within a day fixed therein, and that in default of such payment said property be sold, or so much thereof as might be sufficient to realize the amount due complainant, principal, interest, costs, etc.; that in pursuance of said decree a master in chancery of said circuit court on April 27, 1926, sold the real estate in the trust deed conveyed and in said foreclosure decreed to be

sold, at public vendue to one Ernest W. Bock for the sum of $1,830, and said master issued his certificate of sale dated April 30, 1926, to the said Bock, which said certificate was on May 4, 1926, duly recorded in the recorder's office of Cook county; that the aforesaid Teodor and Susanna Mitkowski conveyed their interest in said property after the master's sale and the confirmation thereof, and that their title passed through mesne conveyances to complainant, Mary M. Hack; that on April 25, 1927, complainant was the owner of an undivided half interest in said property and August Swarz was the owner of the other undivided half interest, and on that date complainant and the said August Swarz paid into the office of the master the sum of $1,940.26 as redemption money to redeem the said property from said sale. Thereupon the said master in chancery issued his certificate of redemption dated April 25, 1927, to complainant and the said August Swarz, certifying that complainant and said Swarz on that date did redeem said property from said sale in accord with the provisions of the statute in such cases made and provided, and that thereafter on April 27, 1927, said certificate of redemption was recorded in the recorder's office of Cook county aforesaid, and that subsequent to making such redemption and the issuing of said certificate the said August Swarz conveyed his undivided interest in said property to complainant, Mary M. Hack; that thereafter said Liesik issued an alias execution upon his judgment in the municipal court against said Teodor Mitkowski and placed the same in the hands of Bernard W. Snow, bailiff of said municipal court, and that said bailiff made a levy of said execution on the property in the bill described; that said Snow, as bailiff, gave notice as required by law that by virtue of said alias writ of execution he would at 10 o'clock a. m. Central Standard time on July 27, 1927, at the west entrance on North La Salle street of the City Hall, Chicago,

offer for sale at public vendue all of the right, title and interest of the said Teodor Mitkowski in and to the property described in the bill, and complainant for the first time on July 26, 1927, learned that said sale was to be held as above set forth and advertised; and complainant averred that by virtue of the sale and the foreclosure proceedings above recited and of the redemption made therefrom, the property has been relieved of the lien of the judgment of said Liesik, and that such judgment is no longer a lien thereon, and that the proceedings to sell the property under the alias execution of said Liesik is a cloud upon the title of complainant to the said property, and that she is entitled to have the sale of said property forever enjoined and restrained, and the proceedings under said judgment removed as a cloud upon her title, and prayed that the court may decree a removal of the same as such cloud, and that Liesik be perpetually enjoined and all persons claiming by, through or under him, from in any manner enforcing or attempting to enforce the aforesaid judgment against the property in the bill described, and for other and further relief.

A decree was entered in accord with the prayer of the bill. As all the facts were well pleaded in the bill, they stand as confessed. The only question for our determination is whether the court was warranted in overruling the general demurrer to the bill. There being no question of fact before us, the question is whether, applying the law to the admitted facts, the court did right in overruling defendant Liesik's demurrer to the bill.

It is patent that so far as the real estate is concerned defendant Liesik is precluded from asserting any right under his execution against said real estate by the decree in the foreclosure suit, which adjudged the rights of all the parties, including Liesik, and defendant Liesik is bound by the decree in the foreclosure suit.

A sale under the foreclosure suit divested Liesik of any rights to a lien upon the real estate in virtue of his judgment. Thereafter he must look to the surplus proceeds of the sale, if there be any after satisfying the decree, and the decree operated to divest all prior incumbrances with notice whether by mortgage, judgment or otherwise, except the right to participate in any surplus which might remain from the sale, after paying the amount found due the mortgagee by the decree of foreclosure. *Lightcap v. Bradley,* 186 Ill. 510; *Hart v. Wingart,* 83 Ill. 282; *Ridenour v. Shideler,* 5 Ill. App. 180.

Complainant's title is by mesne conveyances from the mortgagor in the foreclosure suit under the redemption as set forth in the bill, so that the title acquired through the foreclosure proceeding inures to the benefit of complainant. Defendant Liesik had his day in court in the foreclosure suit, wherein his rights were determined, and the decree in that case is binding upon him, and he is bound by all subsequent proceedings had in virtue of such decree, which freed the real estate from the lien of Liesik's judgment, as by that decree all the liens subordinate to that of the mortgage being foreclosed, were effectually cut off and any rights which Liesik, as a judgment creditor, might have were transferred from the land, and would attach to the excess of the money necessary to pay the amount found due the mortgagee in the decree of foreclosure, and as there was no such excess derived from the sale, the rights of defendant Liesik are effectually ended, and he has no remedy other than against the defendant in his judgment as to property other than the mortgaged property, which he may own, and which under the law is subject to sale under such an execution. The act in force at the time of the execution of the mortgage foreclosed and the rendition of Liesik's judgment was the Act of 1921, entitled ''An Act in regard to

judgments and decrees and the manner of enforcing the same by execution and to provide for redemption of real estate sold under execution or decree." Section 16 of said Act, Cahill's St. ch. 77, ¶16, provides:

"When any real estate is sold by virtue of an execution, judgment or decree of foreclosure of mortgage or enforcement of mechanic's lien or vendor's lien, or for the payment of money, it shall be the duty of the Sheriff, Master in Chancery, or other officer instead of executing a deed for the premises sold to give to the purchaser a certificate describing the premises purchased by him, showing the amount paid therefor or, if purchased by the person in whose favor the execution or decree is, the amount of his bid, the time when the purchaser will be entitled to a deed unless the premises shall be redeemed as provided in this Act."

And section 18 of the same Act, Cahill's St. ch. 77, ¶ 18, provides for redemption as follows:

"Any defendant, his heirs, administrators, assigns, or any person interested in the premises through or under the defendant, may within twelve months from said sale redeem the real estate so sold by paying to the purchaser thereof, his executors, administrators or assigns, or to the Sheriff or Master in Chancery, or other officer who sold the same, or his successor in office for the benefit of such purchaser, his executors, administrators or assigns, the sum of money for which the premises were sold or bid off, with interest thereon at the rate of six per centum per annum from the time of such sale, whereupon such sale and certificate shall be null and void."

Defendant Liesik did not bid at the foreclosure sale. Therefore, so far as the mortgaged property is concerned, his rights in the premises are ended, and he is cut off effectually from any relief therefrom. The defendant, so far as the property in question is concerned, has no right of claim thereto nor therein. Neither has he a right to attempt to subject the said

real estate to the payment of his judgment by the alias execution levied by him upon such real estate, and which constitutes a cloud upon complainant's title to such real estate.

In *Ogle v. Koerner*, 140 Ill. 170, it was held that a sale of land under a decree of foreclosure is an absolute discharge of the premises from the lien of a mortgage or trust deed, and every lien thereon subordinate thereto.

In *Lightcap v. Bradley, supra*, it was held that:

"Such a sale is a sale of the land and of all interests, both that which the mortgagor had at the execution of the mortgage and the interest of the mortgagee and other parties to the suit. It is made by the court as vendor, and a sale discharges the land from the lien and transforms it into the statutory lien by the certificate of purchase. (*Smith v. Smith*, 32 Ill. 198.) It is true that if the premises are redeemed by the mortgagor they become like any other property owned by him and may be subject to execution and sale for deficiency; but that is because they belong to the debtor, and not on account of any lien by virtue of the mortgage. A redemption by any person not liable for the debt would free them absolutely so that they could not even be levied upon by execution for a deficiency."

In *Heinroth v. Frost*, 250 Ill. 102, it was held that:

"The sale of land under a decree of foreclosure is a sale of every interest in the land belonging to any party to the suit and discharges the land from every lien of such party. All are merged in the certificate of purchase. (*Ogle v. Koerner*, 140 Ill. 170; *Lightcap v. Bradley*, 186 id. 510.) Subsequent judgments do not become a lien on the property. The right of a creditor to redeem does not depend upon any lien on the property, but exists solely by reason of section 20 of chapter 77 of the Revised Statutes of 1874. (*Commerce Vault Co. v. Barrett*, 222 Ill. 169.)"

And in *Hart v. Wingart, supra,* in discoursing on judicial sales, it is said:

"All persons having an interest in the equity of redemption and in the distribution of the surplus are highly proper if not indispensable parties. Such are subsequent purchasers and encumbrancers; they are entitled to redeem. They have the right to show payment of the mortgage, or any other matter which will lessen the amount required to redeem or increase their interest in the surplus. If a sale is ordered the surplus, instead of going to the mortgagor, should be applied in the first place to the extinguishment of their liens."

In *Kaster v. Holcomb,* 221 Ill. App. 485, it is said:

"There is no provision of the statute allowing a levy and sale of a debtor's equity of redemption prior to the expiration of one year from the date of sale. From this we draw the conclusion that at any time prior to one year from the date of sale under an execution the judgment debtor can convey his equity of redemption free and clear of any judgment liens."

And in *Commerce Vault Co. v. Barrett,* 222 Ill. 169, it was held that the:

"Right to redeem from the sale at any time within twelve months and to continue in possession for a period of fifteen months. This right was not such an interest as to be subject to levy and sale under execution."

Under the decree in the foreclosure suit the defendant Liesik's rights were determined, and the sale under that decree cut off any right which Liesik may have had by virtue of his judgment, and the levying of the said execution and the attempt to sell the real estate foreclosed in the foreclosure proceeding created a cloud upon the title of complainant, which a court of equity could on application, as in the case at bar, remove as such a cloud.

In order for the defendant Liesik to preserve any right he may have had in his judgment against the mortgaged property, he should have bid at the foreclosure sale, as provided by statute. Having failed so to do, he lost all interest and lien upon the real estate sold in the foreclosure proceeding.

The chancellor did not err in overruling the demurrer to the bill and entering a decree *pro confesso*, and therefore the decree of the superior court is affirmed with costs here and below against the defendant Liesik.

*Affirmed.*

WILSON and RYNER, JJ., concur.