Tiny Kennedy, Alias Tiny Kennedy Egley for use of Stephen Grodetzki, Appellee, v. William H. McClellan, Appellant.

Gen. No. 34,104.

Heard in the second division of this court for the first district at the February term, 1930. Opinion filed October 14, 1930.

RATHJE & CONNOR, for appellant; EMMET J. CLEARY, of counsel.

GEORGE H. FENN, for appellee.

MR. PRESIDING JUSTICE SCANLAN delivered the opinion of the court.

On January 13, 1926, Stephen Grodetzki secured a judgment by confession against Tiny Kennedy, alias Tiny Kennedy Egley, in the municipal court of Chicago in the sum of $328. William H. McClellan was served as garnishee, and on March 25, 1929, a conditional judgment was entered against him. On September 6, 1929, a scire facias to said garnishee was issued and on September 11, 1929, he answered "that at the date of the service of the writ herein, he was not indebted to Tiny Kennedy nor had he in his possession any monies, credits and effects of any kind belonging to said Tiny Kennedy; . . . that since the service of the writ herein, he has not come into possession of any monies, credits, or effects belonging to said Tiny Kennedy." Grodetzki contested the answer and on November 20, 1929, the cause came on for trial before the court, without a jury, and there was a finding that there was owing and due and payable from the garnishee to Tiny Kennedy, alias Tiny Kennedy Egley, the sum of $133.55. Judgment was entered on the finding and the garnishee has appealed.

During the pendency of the suit in the municipal court there was pending in the superior court of Cook county a foreclosure proceeding entitled *Grodetzki v. Messerschmidt et al.* in which said Kennedy, alias Egley, was the owner of the equity of redemption and the garnishee, McClellan, was receiver. A decree had been entered in the cause and, apparently, the only matter that was pending in September, 1929, was the approval of the receiver's final report, which had been referred to a master in chancery, who found that there was due to Egley, alias Kennedy, as the owner of the equity of redemption, the sum of $133.55, and recommended that she be paid that amount. None of the parties to the chancery proceedings appears to have made any objection to the recommendation of the master that the money be paid to Kennedy, alias Egley. The solicitor for the receiver served notice on the solicitor

for Grodetzki and upon Kennedy, alias Egley, that on September 7, 1929, he would appear before the chancellor and "ask leave to file Master's Report as the receiver's Final Account; that an order be entered approving same; that the receiver make distribution in accordance with said report, and that the receiver be discharged and his surety released." On the last mentioned date Kennedy, alias Egley, was present, but not the solicitor for Grodetzki. The chancellor entered the following order: "On motion of Solicitor for William H. McClellan, Receiver, on report of Wirt E. Humphrey, Master in Chancery, on Receiver's Final Account, on notice to solicitor for complainant and Mrs. Kennedy, former owner of equity of premises in question, she appearing in open court, the Court being fully advised in the premises and having jurisdiction of the parties and subject matter, finds that the said receiver has paid to said Mrs. Kennedy the sum of $133.55, balance of funds in his hands, in accordance with said report. It Is Hereby Ordered, Adjudged and Decreed that the said report and said final account be and the same is hereby approved; that William H. McClellan, receiver in said cause, be and he is hereby discharged and his surety on his bond released." The evidence of appellant, which was not disputed, shows that the money was handed to Kennedy, alias Egley, in open court and at the same time that the order was entered by the chancellor, but, apparently, no mention was made to the chancellor of the garnishment proceedings.

Appellant contends that "money in the hands of a receiver cannot be reached by garnishment, it being regarded as in the custody of the court and interference with the possession of property in the hands of a receiver without leave of court appointing the receiver, is contempt." That this is the general rule is conceded. Appellant contends further that on September 7, 1929, when he, in open court, paid the money to Ken-

nedy, alias Egley, he was still receiver and that therefore he never came into possession, individually, of the funds belonging to the said party and the trial court erred in entering judgment against him individually: While the testimony of the garnishee is to the effect that the approval of the master's report and the payment of the money took place at the same time, yet, as a matter of law, the approval of the report must be considered as having been made prior to the actual payment. The receiver will not be allowed to argue that he paid the money before the chancellor had, in effect, ordered the payment. His notice to the parties states the procedure that would be adopted at the hearing. The receiver failed to apprise the chancellor of the pendency of the garnishment proceeding, and the actual payment to Kennedy, alias Egley, was, of course, approved. The instant contention of appellant has been determined, and adversely to him, in *Weaver v. Davis,* 47 Ill. 235. The opinion in that case is a very full one and it would serve no useful purpose to cite all that is therein said that bears upon the instant question. The gist of the decision is that whenever an officer of the court holds money merely as the agent of the law, he cannot be subject to garnishee process in respect to such funds, but that whenever his liability becomes changed from an official to one personal, he is amenable to the process; that whenever there is money remaining in the hands of an officer of the court and the court has made a final order commanding him to pay it over to a party who is also the defendant in an attachment proceeding, "the money is no longer in the custody of the law, but in that of a person, who *quoad hoc,* becomes the trustee of the party entitled" thereto, and that such fund may be attached by the said defendant's creditors as property belonging to him. As to the contention raised that the officer of the court was compelled to obey the order to pay literally, even though he were

garnisheed, the court held that there was no merit in it, and that if the fund were taken out of his hands through the writ of attachment, proof of such fact would protect him should contempt proceedings be started against him. In *Smith v. People,* 93 Ill. App. 135, it was held that after a final order to pay money had been entered and nothing remained to be done except to pay the money, such money was subject to garnishment in the hands of a receiver. In *Anderson v. Patty,* 168 Ill. App. 151, 154, it was held that "whereever money has been directed by an order of court to be paid by an officer of the court to a party, the officer becomes a trustee for the party to whom it is ordered to be paid, and the money is no longer in the custody of the law, and the person to whom it is ordered paid can recover it in an action for money had and received and his creditors can maintain garnishment against such trustee holding the money. *Weaver v. Davis,* 47 Ill. 235; *Commerce Vault Co. v. Barrett,* 222 Ill. 169." The ruling in *Weaver v. Davis, supra,* was quoted with approval in *Commerce Vault Co. v. Barrett,* 222 Ill. 169, 176.

Appellant argues that the solicitor for Grodetzki was guilty of unfair conduct in failing to appear before the chancellor on September 7, 1929, to assert the right of his client to the fund, and that appellant's plight is due to his failure in that regard. We find no merit in this argument. Appellant had been garnisheed, and if he had informed the chancellor of the situation he undoubtedly would have been ordered to hold the money and await the judgment of the court in the garnishment proceedings. If he is now in a plight he has himself to blame for it.

We hold that appellant, William H. McClellan, individually, on September 7, 1929, came into possession of $133.55 belonging to Kennedy, alias Egley, defendant in the municipal court case, and that the said money

was then no longer in the custody of the law and was subject to garnishment. The judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

GRIDLEY and BARNES, JJ., concur.